1    Claudia M. Vetesi (State Bar No. 233485)
2    CVetesi@mofo.com
     Morrison & Foerster LLP
3    425 Market Street
     San Francisco, California 94105-2482
4    Telephone:    415.268.7000
     Facsimile:    415.268.7522
5

6    *Attorneys for Defendant*
7    Simpson Imports, Ltd.

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   ANDREA VALIENTE, individually and on      Case No.
     behalf of all others similarly situated,
13                                              **NOTICE OF REMOVAL OF**
                        Plaintiff,              **STATE COURT CIVIL ACTION**
14                                              **UNDER 28 U.S.C. §§ 1332, 1441,**
                                                **AND 1446 [DIVERSITY**
15          v.                                  **JURISDICTION]**

16   SIMPSON IMPORTS, LTD.,                     (Removed from the Superior Court of
                                                the State of California, County of
17                      Defendant.              Santa Clara, Case No. 23CV411463)

18

19                                              _____

20

21

22

23

24

25

26

27

28

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND THEIR**

2   **ATTORNEY OF RECORD**:

3         **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446,

4   Defendant Simpson Imports, Ltd. ("Defendant" or "Simpson Imports") hereby removes the

5   above-captioned state court action currently pending in the Superior Court of the State of

6   California for the County of Santa Clara to the United States District Court for the Northern

7   District of California.  Removal of the action is proper for the reasons listed below.

8         Defendant removes this action expressly reserving its rights to assert any and all defenses

9   and objections available to it as to any issue or matter relating to this litigation.

10  **I.    BACKGROUND**

11        1.       On February 8, 2023, Plaintiff Andrea Valiente ("Plaintiff") filed this class action

12  civil action in the Superior Court of California, County of Santa Clara, captioned *Andrea Valiente*

13  *v. Simpson Imports, Ltd*. (the "State Court Action").  Plaintiff's Complaint alleges that she

14  purchased Defendant's canned tomatoes under the mistaken belief that they were San Marzano

15  tomatoes.  Plaintiff brought suit on behalf of herself and individuals similarly situated alleging:

16  (1) Violation of California's Unfair Competition Law; (2) Violation of California's Consumer

17  Legal Remedies Act; (3) Violation of California's False Advertising Law; (4) Fraud; (5) Breach

18  of Express Warranty; and (6) Unjust Enrichment.

19        2.       Defendant was served with the Complaint and Summons on April 5, 2023.  True

20  and correct copies of all process, pleadings, and orders that have been served on Defendant in this

21  action pursuant to 28 U.S.C. § 1446(a) are attached hereto collectively as **Exhibit A**.

22        3.       The Parties filed a Stipulation and [Proposed] Order for Extension of Time for

23  Defendant to Answer or Otherwise Respond to Plaintiff's Complaint and Summons in the State

24  Court Action on April 20, 2023.  On April 28, 2023, the stipulation was granted and the deadline

25  for Defendant to answer was set at June 7, 2023.  A true and correct copy of the parties stipulation

26  is attached hereto as **Exhibit B**.

27  **II.   REMOVAL IS TIMELY**

28        4.       Plaintiff served Defendant with the Summons and Complaint on April 5, 2023, and

1    Defendant acknowledged receipt on April 6, 2023.

2    5.    This Notice is proper and timely pursuant to 28 U.S.C. § 1446(b) because it has

3 been filed within 30 days after Defendant was served with a copy of the Summons and

4 Complaint.

## III.    VENUE IS PROPER IN THIS COURT

6    6.    This action is properly removable to the United States District Court for the

7 Northern District of California pursuant to 28 U.S.C. § 1446(a) because the Superior Court of

8 California, County of Santa Clara, in which this case was brought, lies within this district.

## IV.    PROCEDURAL REQUIREMENTS

10    7.    Simpson Imports is the only named defendant and, therefore, no other defendant

11 must join in this removal.  *See* 28 U.S.C. § 1446(b)(2)(A).

12    8.    Defendant will promptly serve a copy of this Notice on counsel for Plaintiff and

13 will file a copy of this Notice with the Clerk of the Superior Court of California, County of

14 Santa Clara, pursuant to 28 U.S.C. § 1446(d).

## IV.    BASIS FOR THE COURT'S JURISDICTION

16    9.    Original jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332(a)(1)

17 because it is a civil action between citizens of different states where the matter in controversy

18 exceeds the sum or value of $75,000.

### a.  DIVERSITY OF CITIZENSHIP

20    10.    Plaintiff alleges that she is a resident of California.  (Compl. ¶ 40).  There is a

21 "longstanding principle" that "the place where a person lives is taken to be his domicile until facts

22 adduced establish the contrary."  *Boone v. FCA US LLC*, No. 21-cv-01591-JD, 2021 WL

23 5331440, at *2 (N.D. Cal. Nov. 16, 2021) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606,

24 614 (9th Cir. 2016)).  Plaintiff is therefore a citizen of the State of California.

25    11.    Defendant is now, and was at the time the action was commenced, a citizen of a

26 state other than California within the meaning of 28 U.S.C. § 1332(c)(1).  Defendant is now, and

27 was at the time this action was commenced, incorporated in the Commonwealth of Pennsylvania.

28 (Compl. ¶ 41.)  Defendant's principal place of business is now, and was at the time this action

was commenced, in Jenkintown, Pennsylvania.  Accordingly, Defendant is a citizen of Pennsylvania.

12.     Because Plaintiff is a citizen of the State of California and Defendant is a citizen of the Commonwealth of Pennsylvania, complete diversity existed and continues to exist between Plaintiff and Defendant, both at the time the State Court Action was filed and at the time of removal to this Court.

**b.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

13.     Pursuant to 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, . . . ."  Defendant avers—without admitting that it engaged in any improper conduct, that Plaintiff's claims have any merit, or that Plaintiff is entitled to recover from Defendant any of the relief requested—that the matter in controversy exceeds the jurisdictional minimum of $75,000.  Defendant does not concede that it is actually liable to Plaintiff in any amount.  Indeed, Defendant contends that Plaintiff is entitled to recover nothing.

14.     Plaintiff's Complaint expressly seeks "compensatory, statutory, and punitive damages," along with "restitution and all other forms of equitable monetary relief" and attorneys' fees in an unspecified amount.  (Compl., Relief Demanded.)

15.     Where, as here, the Complaint does not specify the amount of damages sought, a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its Notice of Removal.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  No submission of evidence accompanying the removal notice is required.  *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

16.     If defendant's assertions are challenged, the defendant bears the burden of establishing the amount in controversy by a "preponderance of the evidence."  *Foster v. Aramark Sports, LLC*, No. C 08-01336 MHP, 2008 WL 2025063, at *2 (N.D. Cal. May 8, 2008).  This

1   burden is not daunting and only requires that the defendant show, through its own affidavit,

2   declaration, or other documentation that the amount in controversy at the time of removal "more

3   likely than not" exceeds the statutory minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

4   398, 404 (9th Cir. 1996).

5          17.     Plaintiff's request for restitution places more than $75,000 in controversy.

6   Plaintiff seeks "restitution in the form of the revenue derived from Defendant's sale of the

7   Products." (Compl. ¶ 103.)

8          18.     Based on Defendant's sales data, Defendant has sold more than $75,000 worth of

9   the San Merican Tomato products ("the Tomato Products") at issue to distributors, and other third

10  parties within the past four years nationwide, and estimates that it sold more than $75,000 worth

11  of the Tomato Products in California during the same timeframe. (Ruth Levi Decl. ¶¶ 7-8.)

12         19.     Moreover, Plaintiff's remaining requests for relief increase the amount in

13  controversy. Plaintiff requests an injunction that would include an order requiring Defendant to

14  alter the packaging on all of its Tomato Products. Such an order would require Simpson Imports

15  to replace or redesign its packaging at substantial cost, and allegedly bring value to Plaintiff, who

16  alleges that she would "not have purchased" the Tomato Products or "would pay significantly less

17  for them" absent Defendant's alleged misrepresentations. (Compl. ¶ 6.) The value of this

18  potential injunctive relief to Plaintiffs is properly considered part of the amount in controversy.

19  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in

20  controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of

21  complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'")

22  (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)).

23         20.     Finally, Plaintiff seeks attorneys' fees and costs, which add to the amount in

24  controversy where, as here, the underlying statute provides for an attorneys' fee award. *Id.*; *see*

25  *also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. MDL 2672

26  CRB (JSC), 2019 WL 693220, at *9 (N.D. Cal. Feb. 19, 2019) ("If Plaintiffs prevail on . . . their

27  CLRA . . . claim[], they may obtain attorneys' fees.")

28         21.     In total, the amount in controversy in this action exceeds the jurisdictional

1  threshold.

2  **IV.    REMOVAL IS APPROPRIATE**

3         22.    For the reasons stated above, this Court has diversity jurisdiction over this action

4  pursuant to 28 U.S.C. § 1332(a), so this action is removable pursuant to 28 U.S.C. § 1441(b).

5         23.    By filing this Notice of Removal, Defendant does not waive and expressly reserves

6  all rights, objections, and defenses in this case.

7

8  Dated: May 5, 2023                            **MORRISON & FOERSTER LLP**

9                                                By:   _/s/ Claudia M. Vetesi_
                                                 Claudia M. Vetesi (Bar No. 233485)
10                                               CVetesi@mofo.com
                                                 *Attorneys for Defendant*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

E-FILED
2/8/2023 4:51 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV411463
Reviewed By: R. Cachux

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone:  (925) 300-4455
Facsimile:   (925) 407-2700
E-Mail: ltfisher@bursor.com
            lsironski@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail:  mgirardi@bursor.com

*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF SANTA CLARA

|  |  |
|---|---|
| ANDREA VALIENTE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SIMPSON IMPORTS, LTD., <br><br> Defendant. | 23CV411463 <br><br> Case No. _____ <br><br> **CLASS ACTION COMPLAINT FOR** <br><br> (1) **Violation of California's Unfair Competition Law** <br> (2) **Violation of California's Consumers Legal Remedies Act** <br> (3) **Violation of California's False Advertising Law** <br> (4) **Fraud** <br> (5) **Breach of Express Warranty** <br> (6) **Unjust Enrichment** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Andrea Valiente ("Plaintiff" or "Ms. Valiente"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant Simpson Brands, Ltd., d/b/a San Merican Tomatoes ("SMT" or "Defendant").

## NATURE OF THE ACTION

1.    This is a class action lawsuit on behalf of purchasers of SMT brand canned tomatoes (the "Tomatoes" or the "Products") in the United States.[1]

2.    San Marzano tomatoes are a highly sought-after variety of tomato – generally considered the best for making sauces.  As a result, both San Marzano "style" and San Marzano D.O.P. tomatoes command a significantly higher asking price than standard plum or Roma tomatoes, and consumers are willing to pay for it.

3.    Defendant does not sell San Marzano tomatoes – it sells inferior Roma tomatoes. But Defendant utilizes highly misleading tomato packaging to trick consumers into believing that they are purchasing genuine San Marzano tomatoes, at San Marzano prices.

4.    As described in further detail below, the label used for all of Defendant's tomato Products bears several features which make it highly misleading.  As a result, consumers have purchased hundreds of thousands of Defendant's Products under the false, but reasonable, impression that they were purchasing a San Marzano varietal of tomato, when they were not.

5.    Because cans of tomatoes are opaque, consumers can only examine the label when they are deciding which can of tomatoes to purchase.

6.    Defendant has known or should have known about its misleading packaging for years, but has taken no action to fix it.  Instead, Defendant continues to rely on deception to reap much greater profits than it would otherwise.  If consumers knew the truth about Defendant's Tomatoes, they would not have purchased them or would pay significantly less for them than they did.

---

[1] The Products include, but are not limited to, SMT brand crushed, diced, whole peeled, or pureed tomatoes.  The Tomatoes can come in a can or a box.

**Background on San Marzano tomatoes:**

7.     Tomatoes come in many different varieties such as cherry, beefsteak, or Roma, each of which have unique flavors and uses.  The San Marzano is one such tomato varietal.



8.     The San Marzano varietal of tomatoes originates from the town of San Marzano sul Sarno, near Naples, Italy.  It was first grown in the volcanic soil around Mount Vesuvius.

9.     Some San Marzano tomatoes are still grown within proximity to Mount Vesuvius. These specific San Marzano varietals bear a special designation: D.O.P. (*Denominazione d'Origine Protetta*, "Protected Designation of Origin"), which certifies that they were grown in the San Marzano region of Italy.

10.     But not all San Marzano tomatoes are D.O.P.  Many San Marzano tomatoes varietals are grown in the United States, in which case they are labeled as "San Marzano style" or just San Marzano without the D.O.P. designation.

11.     Compared to the Roma tomato, San Marzano tomatoes are thinner and more pointed.  The flesh is much thicker with fewer seeds, and a stronger, sweeter, less acidic taste.



12.     The unique characteristics of the San Marzano tomato mean that they are perfectly suited for making sauces.  Indeed, they are widely considered the best tomato in the world for the task.

13.     Blind taste testing has shown that the difference between sauces made with Roma tomatoes and sauces made with San Marzano tomatoes is significant, with Roma tomatoes consistently producing a less desirable sauce.

14.     Roma tomatoes are considered worse because they are more acidic and have thinner flesh, producing a more watery and sour tasting sauce.

15.     Due to these differences, chefs and home cooks alike seek out canned San Marzano tomatoes and are willing to pay for them. San Marzano tomatoes routinely command double or triple the asking price of regular canned Roma or generic tomatoes.

16.     By way of example, below is a comparison between regular and San Marzano tomatoes sold by Safeway:

| PRODUCT | PRICE |
|---------|-------|
| Signature SELECT Tomatoes Peeled Whole – 28oz | $2.59 |
| Hunt's Crushed Tomatoes – 28oz | $3.29 |
| Take Root Organics Whole Tomatoes – 28oz | $3.79 |
| SMT Whole Peeled Tomatoes – 28oz | $5.99 |
| Italbrand Tomatoes Peeled Italian San Marzano D.O.P. – 28oz | $5.99 |
| Cento Tomatoes San Marzano D.O.P. – 28oz | $8.99 |

17.     Accordingly, the type of tomato in the can is a material fact to consumers, because they are willing to pay significantly more for San Marzano tomatoes than those of other varieties. No reasonable consumer would spend two or three times as much for tomatoes that offer nothing over their cheaper counterparts.

**SMT Brand Tomatoes are Labeled to Mislead Consumers**

18.     Defendant Simpson Imports, Ltd., markets and sells its tomatoes under the "SMT" brand.

19.     Defendant sells boxed tomatoes, canned tomatoes, tomato sauces, and tomato pastes.  Defendant's deceptive labeling is substantially similar across all of its Products.

20.      Defendant's Tomatoes are all packaged with the same visually distinct and eye-catching label, an example of which is depicted below, subject to minor and inconsequential variation:

1
2
3
4
5
6
7
8
9
10
11
12
13



14    21.     The label features large illustrations of a San Marzano varietal tomato against a

15 white background, with a thin ribbon of text around the top and bottom stating what kind of tomato

16 preparation is in the can (*i.e.*, whole, crushed, diced, pureed).  In the middle of each tomato

17 illustration are the letters SMT.

18    22.     Consumers looking for a San Marzano varietal tomato have only this label to work

19 from when making their purchasing decision, they cannot see inside of the package.

20    23.     SMT's labeling is misleading to reasonable consumers.

21    24.     First, the illustration is unmistakably that of a San Marzano tomato.  So, consumers

22 who are seeking out San Marzano tomatoes, are predictably misled into believing Defendant's

23 package contains them.

24    25.     Defendant knows that this image is of a San Marzano tomato because Defendant

25 used to sell actual San Marzano varietal tomatoes, using nearly identical packaging.  The only

26 difference was that Defendant's package used to have "San Marzano" written where "SMT" is

27 now.  Defendant's old label is depicted below.

28

26.     Though Defendant no longer sells true San Marzano tomatoes, its packaging still bears the image of one.



27.     Second, the SMT lettering can reasonably be understood as an abbreviation for "San Marzano Tomato."  After Defendant stopped selling true San Marzano varietal tomatoes, it changed to "San Marzano" to "SMT," ostensibly to avoid false advertising.  However, the letters SMT, while not literally false, are highly misleading, because a consumer looking for San Marzano tomatoes in the tomato aisle is primed to think that SMT stands for the San Marzano tomato.

28.     Defendant attempts to skirt around this potential for misunderstanding by writing out what SMT stands for within the "SMT" lettering on its Products' packaging.  The result is lettering so comically miniscule that it is almost impossible to see with the naked eye.



29.     As it turns out, SMT stands for "San Merican Tomato."  That is not curative.  In the exceedingly unlikely the event a consumer even notices the term, a reasonable consumer would understand "San Merican Tomato" to mean "San Marzano varietal tomatoes grown in North America."

30.     Finally, Defendant sells its Products at San Marzano prices.  A 28oz can of SMT tomatoes sells for $5.99.  Consumers expect to pay more for San Marzano tomatoes, and as such are primed to interpret Defendant's pricing as being in line with what a San Marzano should cost.

31.     Each of these factors, on their own, is enough to mislead reasonable consumers into believing that Defendant's Tomatoes are San Marzano style – in the aggregate they create an unshakeable impression that Defendant is relying on its Products' capacity to mislead for the purpose of reaping inflated profits.

32.     Even grocery stores are misled by Defendant's packaging, with retailers consistently mislabeling its Products as "San Marzano Tomatoes" on its Products' barcodes and price labels. The below screenshot is from the Safeway website, which has labeled Defendant's Tomatoes as "San Marzano Tomatoes":



33.     The reality is, Defendant's tomatoes are not San Marzano tomatoes, not even close.

34.     When consumers open a can of SMT tomatoes, they are greeted with a round, firm, acidic Roma tomato.  Comparing a true San Marzano with the SMT tomato, the difference is stark.



35.     The difference is not just cosmetic.  In blind taste testing by a prominent YouTube chef, SMT tomatoes were consistently ranked alongside generic plum tomatoes at the bottom of the pile, far below San Marzano tomatoes, both in flavor and consistency.

36.     Consumers purchase Defendant's Products under the reasonable belief that the lettering, images, and price is indicative of a San Marzano tomato, only to receive an inferior Roma tomato.

37.     Had consumers known the truth about Defendant's Tomatoes, they would not have purchased them or would have paid less for them than they did.

38.     Consumers are not likely to learn the truth about Defendant's Tomatoes on their own accord.  For one, many times consumers purchase the tomatoes in a crushed, diced, or pureed form, making it impossible to see the tomato's original shape.  Second, it is difficult to see the shape of even whole tomatoes because they are covered in juice and tomato puree, and often dumped into a pot and immediately crushed to form a sauce.  Reasonable consumers would not think to take each tomato out of its can, wash it off, and compare it with other brands.  The result is

1   that consumers rely on the label of the can or box to communicate truthfully the variety of tomato

2   that they are purchasing.

3       39.     Plaintiff is a purchaser of SMT canned Tomatoes who asserts claims for breach of

4   express warranty and fraud, and violations of the consumer protection laws of the state of

5   California, on behalf of herself and all similarly situated purchasers of the Tomatoes.

6                                **THE PARTIES**

7       40.     Plaintiff Andrea Valiente is a resident and domiciliary of Campbell, California.  Ms.

8   Valiente makes tomato sauces at home and prefers to use San Marzano style tomatoes when she

9   cooks.  Ms. Valiente purchased Defendant's canned Tomatoes from Whole Foods in San Jose,

10  California in 2022.  Ms. Valiente purchased Defendant's Whole Peeled Tomatoes because she was

11  under the impression that the illustration on the front of the can was of a San Marzano tomato and

12  understood the SMT abbreviation to mean "San Marzano Tomato."  Furthermore, the price of the

13  Products was in line with what she expected genuine San Marzano style tomatoes to cost.  If Ms.

14  Valiente knew that the Tomatoes she was purchasing from Defendant were not San Marzano

15  varietal tomatoes, but in fact were regular Roma tomatoes, she would not have purchased the

16  Tomatoes or would have paid less for them than she did.

17      41.     Defendant Simpson Imports, Ltd., is a Pennsylvania corporation with its principal

18  place of business in Jenkintown, Pennsylvania.  Defendant is a very well-known and popular

19  tomato seller, with presence on grocery store shelves nationwide.

20                           **JURISDICTION AND VENUE**

21      42.     This Court has subject matter jurisdiction pursuant to California Business and

22  Professions Code, Sections 17203, 17204 and 17535, and Civil Code, Section 1780.

23      43.     This Court has personal jurisdiction over the parties because Plaintiff resides in

24  California, is a citizen of California, and submits to the jurisdiction of the Court, and because

25  Defendant has, at all times relevant hereto, systematically and continually conducted, and

26  continues to conduct, business in this State.  Defendant therefore has sufficient minimum contacts

27  with this state, including within this County, and/or intentionally availed itself of the benefits and

28  privileges of the California consumer market through the promotion, marketing, and sale of its

products to residents within this County and throughout this State.  Additionally, Defendant marketed and sold its Tomatoes to Plaintiff in this County.

44.     Pursuant to Civil Code § 1780(d), this Court is the proper venue for this action because Defendant regularly does business in this County, and the same misrepresentations, omissions, and injures giving rise to the claims alleged herein have occurred in this County.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff seeks to represent a class defined as all persons in California who purchased the Tomatoes (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

46.     *Numerosity.*   Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

47.     *Commonality.*  Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of the Tomatoes is false and misleading.

48.     *Typicality.*     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading labels, marketing and promotional materials and representations, purchased the Tomatoes, and suffered a loss as a result of that purchase.

49.     *Adequacy.*     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

1    50.    ***Superiority.***    The class mechanism is superior to other available means for the fair

2    and efficient adjudication of the claims of Class members.  Each individual Class member may

3    lack the resources to undergo the burden and expense of individual prosecution of the complex and

4    extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases

5    the delay and expense to all parties and multiplies the burden on the judicial system presented by

6    the complex legal and factual issues of this case.  Individualized litigation also presents a potential

7    for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

8    management difficulties and provides the benefits of single adjudication, economy of scale, and

9    comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment

10    of the liability issues will ensure that all claims and claimants are before this Court for consistent

11    adjudication of the liability issues.

12

13                                    **FIRST COUNT**
**Violation of California's Unfair Competition Law ("UCL"),**
14                        **Cal. Bus. & Prof. Code §§ 17200, *et seq.***

15    51.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the

16    preceding paragraphs as though alleged in this Count.

17    52.    Plaintiff brings this claim individually and on behalf of the members of the

18    proposed Class against Defendant.

19    53.    The UCL prohibits unfair competition in the form of "any unlawful, unfair, or

20    fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any

21    act." Cal. Bus. & Prof. Code § 17200.  A practice is unfair if it (1) offends public policy; (2) is

22    immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers.

23    The UCL allows "a person who has suffered injury in fact and has lost money or property" to

24    prosecute a civil action for violation of the UCL.  Cal. Bus. & Prof. Code § 17204.  Such a person

25    may bring such an action on behalf of himself or herself and others similarly situated who are

26    affected by the unlawful and/or unfair business practice or act.

27    54.    As alleged above, Defendant has committed unlawful, fraudulent, and/or unfair

28    business practices under the UCL by: (a) representing that Defendant's Products have certain

characteristics that they do not, in violation of Cal. Civil Code § 1770(a)(5); (b) advertising goods and services with the intent not to sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9).

55.     Defendant's conduct has the capacity to mislead a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances.

56.     Defendant's conduct has injured Plaintiff and the Class she seeks to represent in that she paid money for a product that she would not have purchased or paid more than she would have but for Defendant's failure to accurately label and market its Products.  Such injury is not outweighed by any countervailing benefits to consumers or competition.  Indeed, no benefit to consumers or competition results from Defendant's conduct.

57.     Pursuant to California Business and Professional Code § 17203, Plaintiff and the Class members seek an order of this Court that includes, but is not limited to, an order requiring Defendant to (a) provide restitution to Plaintiff and the other Class members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff and the Class members' attorneys' fees and costs.

58.     Here, equitable relief is appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from their purchase of the Product is determined to be an amount less than the premium price of the Product.  Without compensation for the full premium price of the Product, Plaintiff would be left without the parity in purchasing power to which they are entitled.

59.     Injunctive relief is also appropriate, and indeed necessary, to require Defendant to provide full and accurate disclosures regarding the Product so that Plaintiff and Class members can reasonably rely on Defendant's packaging as well as those of Defendant's competitors who may then have an incentive to follow Defendant's deceptive practices, further misleading consumers.

60.     Restitution and/or injunctive relief may also be more certain, prompt, and efficient than other legal remedies requested herein.  The return of the full premium price, and an injunction requiring Defendant to disclose on its Products' packaging that the Tomatoes are not San Marzano varietal tomatoes, but in fact are regular Roma tomatoes, will ensure that Plaintiff is in the same

place they would have been in had Defendant's wrongful conduct not occurred, *i.e.*, in the position to make an informed decision about the purchase of the Products absent omissions with the full purchase price at their disposal.

**SECOND COUNT**
**Violation of California's Consumers Legal Remedies Act,**
**Cal. Civ. Code §§ 1750, *et seq.***

61.     Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

62.     Plaintiff brings this claim individually and on behalf of the Class against Defendant.

63.     Plaintiff and Class Members are consumers within the meaning of Cal. Civ. Code § 1761(d).

64.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which she or she does not have."

65.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

66.     Cal. Civ. Code § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

67.     Defendant violated Cal. Civ. Code §§ 1770(a)(5), (a)(7), and (a)(9) by intentionally and misleadingly representing that its Products are San Marzano tomatoes, a fact which is material to reasonable consumers.

68.     Defendant's misrepresentations and omissions deceive and have a tendency and ability to deceive the general public.

69.     Defendant has exclusive or superior knowledge of the contents of its canned Tomatoes, which was not known to Plaintiff or Class Members.

70.     Plaintiff and Class Members have suffered harm as a result of these violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA") because they have incurred charges and/or paid monies for the Products that they otherwise would not have

incurred or paid.  Had Plaintiff and Class Members known that the Tomatoes sold by Defendant were not San Marzano varietal tomatoes, but in fact were regular Roma tomatoes, they would not have purchased the Tomatoes or would have paid less for them than they did.  As a result, Plaintiff and the Classes are entitled to actual damages in an amount to be proven at trial, reasonable attorneys' fees and costs, declaratory relief, and punitive damages.

71.      On January 5, 2023, Plaintiff's counsel sent Defendant a CLRA notice letter, which complies in all respects with Cal. Civ. Code § 1782(a).  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  The letter stated that it was sent on behalf of all other similarly situated purchasers.  A true and correct copy of that letter is attached hereto as **Exhibit 1**.

### THIRD COUNT
**Violation of California's False Advertising Law,
Cal. Bus. & Prof. Code §§ 17500, *et seq.***

72.      Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

73.      Plaintiff brings this claim individually and on behalf of the Class against Defendant.

74.      Defendant's acts and practices, as described herein, have deceived and/or are likely to continue to deceive Class Members and the public.  As described above, and throughout this Complaint, Defendant misrepresented that its Tomatoes were the San Marzano varietal.  Such representation is not true.

75.      By its actions, Defendant disseminated uniform advertising regarding its Products to and across California.  The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "FAL").  Such advertisements were intended to and likely did deceive the consuming public for the reasons detailed herein.

76.      The above-described false, misleading, and deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant continues to misrepresent, without qualification, that the Tomatoes are San Marzano.

77.     In making and disseminating these statements, Defendant knew, or should have known, its advertisements were untrue and misleading in violation of California law.  Defendant knows that it does not sell San Marzano tomatoes yet does not disclose this fact to consumers.

78.     Plaintiff and other Class Members purchased the Tomatoes based on Defendant's representations and omissions.

79.     The misrepresentations and non-disclosures by Defendant of the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitutes a violation of the FAL.

80.     As a result of Defendant's wrongful conduct, Plaintiff and Class Members lost money in an amount to be proven at trial.  Plaintiff and Class Members are therefore entitled to restitution as appropriate for this cause of action.

81.     Plaintiff and Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful, and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5; and other appropriate equitable relief.

**FOURTH COUNT**
**Fraud**

82.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

83.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

84.     As discussed above, Defendant misrepresented on the Tomatoes' packaging that the Tomatoes are San Marzano tomatoes.  Specifically, Defendant's label bears images of San Marzano varietal tomatoes, the letters SMT can be understood by consumers to stand for San Marzano Tomato," and the term "San Merican Tomatoes," if even seen by consumers, can be reasonably understood to mean "San Marzano varietal tomatoes grown in North America."

85.     The false and misleading representations and omissions were made with knowledge of their falsehood.  Defendant used to sell true San Marzano tomatoes in a can virtually identical to

the one at issue in this action.  Nonetheless, Defendant continues to sell its Tomatoes to unsuspecting consumers using these false and misleading representations and omissions.

86.     Defendant is aware how San Marzano tomatoes are perceived by consumers because they used to sell them.

87.     The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the proposed Class reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class to purchase the Tomatoes.

88.     The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Class, who are entitled to damages and other legal and equitable relief as a result.

**FIFTH COUNT**
**Breach of Express Warranty**

89.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

90.     Plaintiff brings this claim individually and on behalf of members of the Class against Defendant.

91.     In connection with the sale of the Tomatoes, Defendant, as the producer, marketer, distributor, and/or seller issued written warranties by representing that the Tomatoes are "SMT" and/or "San Merican Tomatoes."  The packaging similarly contained misleading images of San Marzano varietal tomatoes, as alleged above.

92.     In fact, the Tomatoes do not conform to the above-referenced representations because the Tomatoes sold by SMT are not San Marzano varietal tomatoes at all.  They are inferior Roma varietal tomatoes.

93.     Plaintiff and the members of the proposed Class and the Class were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased the Tomatoes if they had known that the representation made on Defendant's Products' labels were false, and (b) they overpaid for the Tomatoes on account of the misrepresentation.

94.     Plaintiff's counsel notified Defendant of her claims in a demand letter shortly after learning about its breach of warranty, sent via certified mail, with return receipt requested, on January 5, 2023.

95.     The demand letter was sent within a reasonable time after Plaintiff discovered Defendant's breach and learned of the nature of Defendant's practices.  The letter therefore complied with all respects of U.C.C. § 2-607.

**SIXTH COUNT**
**Unjust Enrichment/Restitution**

96.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

97.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant under the laws of California.

98.     Plaintiff and the Class members conferred a benefit on Defendant in the form of the gross revenues Defendant derived from the money Plaintiff and the Class paid for the Tomatoes.

99.     Defendant had an appreciation or knowledge of the benefit conferred on it by Plaintiff and the Class members.

100.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and the Class members' purchases of the Products, which retention of such revenues under these circumstances is unjust and inequitable because Defendant misleadingly marketed the Tomatoes as San Marzano varietals when in fact they were inferior Roma tomatoes.  This caused injuries to Plaintiff and members of the Classes because they would not have purchased the Products or would have paid less for them if the true facts concerning the Products had been known.

101.     Defendant accepted and retained the benefit in the amount of the gross revenues it derived from sales of the Products to Plaintiff and the Class members.

102.     Defendant has thereby profited by retaining the benefit under circumstances which would make it unjust for Defendant to retain the benefit.

103.    Plaintiff and the Class members are, therefore, entitled to restitution in the form of the revenues derived from Defendant's sale of the Products.

104.    As a direct and proximate result of Defendant's actions, Plaintiff and Class members have suffered in an amount to be proven at trial.

105.    Here, equitable relief is appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from their purchase of the Product is determined to be an amount less than the premium price of the Product.  Without compensation for the full premium price of the Product, Plaintiff would be left without the parity in purchasing power to which they are entitled.

106.    Restitution may also be more certain, prompt, and efficient than other legal remedies requested herein.  The return of the full premium price will ensure that Plaintiff is in the same place they would have been in had Defendant's wrongful conduct not occurred, i.e., in the position to make an informed decision about the purchase of the Products absent omissions with the full purchase price at their disposal.

## **RELIEF DEMANDED**

107.    WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order certifying the Class and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b.    For an order declaring that Defendant's conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiff and the Class on all causes of action asserted herein;

d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

f.    For an order of restitution and all other forms of equitable monetary relief; and

g.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: February 8, 2023                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _____

L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone:  (925) 300-4455
Facsimile:   (925) 407-2700
E-Mail: ltfisher@bursor.com
         lsironski@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail:  mgirardi@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1.      I am counsel for Plaintiff, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because many of the acts and transactions giving rise to this action occurred in this District, and because Plaintiff resides in this District.

3.      Plaintiff Andrea Valiente is a resident of Campbell, California.

4.      Defendant Simpson Imports, Ltd. is a Pennsylvania corporation with its principal place of business in Jenkintown, Pennsylvania.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, executed on February 8, 2023, at Walnut Creek, California.


/s/ *L. Timothy Fisher*
L. Timothy Fisher

**EXHIBIT 1**

# BURSOR & FISHER
P.A.

1990 N. CALIFORNIA BLVD.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.300.4455
Fax: 925.407.2700
ltfisher@bursor.com

January 5, 2023

*Via Certified Mail - Return Receipt Requested*

William Toll, President
Simpson Brands, Ltd.
PO Box 41
New Milford, NJ 07646

Simpson Brands, Ltd.
93 Old York Rd
Suite I-560
Jenkintown, PA 19046

> Re:  *Notice and Demand Letter Pursuant to U.C.C. §§ 2-313, 2-314, 2-607;*
> *California's Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, et seq.;*
> *and all other applicable consumer protection statutes.*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Simpson Brands, Ltd., d/b/a San Merican Tomatoes ("you"), pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties on behalf of our client, Andrea Valiente, and a class of all similarly situated purchasers of San Merican Tomatoes tomatoes (the "Products").[1]  This letter also serves as notice of violation of the California's Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.,* including but not limited to subsections 1770(a)(5), (7), and (9); California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "FAL"), and all other applicable federal and state laws.  Should we not receive a response to our offer of resolution set forth below, this letter provides statutory notice of our client's intent to file a class action lawsuit.

As you know, San Marzano tomatoes are a highly sought-after variety of tomato – widely considered the best for making sauces.  As a result, both San Marzano "style" and San Marzano D.O.P. tomatoes command a significantly higher asking price than standard plum tomatoes, and consumers are willing to pay for it.  You are well aware of this, because you used to sell true San Marzano tomatoes.  However, for decades you have not sold San Marzano style <u>or</u> D.O.P. tomatoes, yet you continue to label your Products as if they contain San Marzano style tomatoes, when in fact they do not.  In a recent blind taste comparison between San Marzano style and

---

[1] The tomato Products include: diced, crushed, whole peeled, and pureed tomatoes sold in boxes or cans.

D.O.P. tomatoes and regular plum tomatoes, your Products were consistently ranked at the bottom of the pile, next to the store-brand plum tomatoes.  This is because your tomatoes are inferior plum tomatoes.

Accordingly, the labeling of your products is materially misleading, and you rely on this deception to dupe consumers into paying significantly more for your Products than they otherwise would if they knew that the tomatoes they were receiving were not San Marzano style. First, your Products all bear an illustration of a San Marzano tomato.  San Marzano tomatoes have a distinctive elongated shape which is recognizable to consumers.  You are aware that this image is of a San Marzano tomato because it is the exact same image that you used to use in your older packaging, when you still sold true San Marzano tomatoes.  As such, consumers who are browsing grocery store shelves for San Marzano style tomatoes are predictably misled into believing that your Products contain them.  In reality, the spherical plum tomato consumers take out of the can looks nothing like the San Marzano style tomato illustration on the Product packaging.  Second, the letters of your brand, SMT, can reasonably be understood as an abbreviation for "San Marzano Tomato," further augmenting your Products' capacity to mislead. Third, the company name "San Merican Tomato" is displayed within the SMT abbreviation in letters so small that they cannot be reasonably apprehended by consumers when they inspect the Products' packaging and labels.  Finally, you charge San Marzano prices for your standard plum tomatoes.  Consumers are aware that San Marzano style and D.O.P. tomatoes are significantly more expensive than regular tomatoes, and as such are primed to interpret your pricing as a further representation that your tomatoes are San Marzano style.

Each of these factors, on their own, is enough to mislead reasonable consumers into believing that your tomatoes are San Marzano style – in aggregate they create an unshakeable impression that you are relying on your Products' capacity to mislead for the purpose of reaping inflated profits. Even grocery stores are misled by your packaging, with retailers consistently mislabeling your Products as "San Marzano Tomatoes" on your Products' barcodes and price labels.

Our client Andrea Valiente, a resident of Campbell, CA regularly purchased SMT brand crushed and whole peeled tomatoes from Whole Foods in San Jose, California.  Ms. Valiente makes tomato sauces at home and prefers to use San Marzano style tomatoes when she cooks. Ms. Valiente purchased your Products because she recognized the illustration as a San Marzano tomato and understood the SMT abbreviation to mean "San Marzano Tomato."  Furthermore, the price of your Products was in line with what she expected genuine San Marzano style tomatoes to cost.  Accordingly, your false claims and warranties were material to our client's purchase, and had you disclosed that the tomatoes contained within your Products were not San Marzano style, our client would not have purchased the Products or would have paid less for them than she did.

Accordingly, your conduct constitutes a breach of implied warranty (see U.C.C. § 2-314), and common law fraud, and violates numerous consumer protection statutes, including but not limited to the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; and California's

False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*.  As a result of your violation of the above-referenced statutes, our clients sustained injury.

These acts and practices as described herein violated, and continue to violate, the CLRA in at least the following respects:

a.     in violation of Section 1770(a)(5), you represented that the Products have characteristics and benefits it does not have;

b.     in violation of Section 1770(a)(7), you represented that the Products are of a particular standard, quality, or grade, when they are not; and

c.     in violation of Section 1770(a)(9), you advertised the Products with an intent not to sell them as advertised.

To cure these defects, we hereby demand that you immediately (1) cease and desist from continuing to label your Products in such a manner as to foreseeably mislead consumers into believing the Products you sell contain San Marzano style tomatoes, and (2) make full restitution to all purchasers of the Products of all purchase money obtained from sales thereof.  If you do not, we will commence a putative class action seeking monetary relief on behalf of Plaintiff Valiente, and all others similarly situated.

We also demand that you promptly take all reasonable steps to preserve all documents, data, and information, including without limitation, all "Writings," as defined in California Evidence Code § 250 (collectively, "Documents"), and all "Electronically Stored Information," as defined in California Code of Civil Procedure § 2016.020(e), which refer or relate to any of the above-described practices, including, but not limited to, the following:

1.     All documents concerning the advertisement, labeling, marketing, or sale of the Products.

2.     All documents concerning communications with purchasers of the Products, including but not limited to customer complaints.

3.     All documents concerning your total revenue derived from sales of the Products in California and the United States.

4.     All documents concerning the identity of individual purchasers of the Products.

5.     All documents concerning any communications with any governmental entity regarding the Products.

BURSOR&FISHER
P.A.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

L. Timothy Fisher

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
2/8/2023 4:51 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV411463
Reviewed By: R. Cachux
Envelope: 11148476

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SIMPSON IMPORTS, LTD.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANDREA VALIENTE, individually and on behalf of all others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of

Santa Clara, 191 North First Street, San Jose, CA 95113

**CASE NUMBER:**
*(Número del Caso):*   23CV411463

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
L. Timothy Fisher, Bursor and Fisher, P.A., 1990 N. California Blvd., Ste 940, Walnut Creek CA 94596 Tel: (925) 300-4455

DATE:
*(Fecha)* 2/8/2023 4:51 PM      Clerk of Court

Clerk, by          R. Cachux                    , Deputy
*(Secretario)*                                   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):* Simpson Imports, Ltd.

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>L. Timothy Fisher (SBN 191626) Bursor & Fisher, P.A., 1990 N. California Blvd.<br>Suite 940, Walnut Creek CA 94596 | *FOR COURT USE ONLY* |

TELEPHONE NO.: (925) 300-4455    FAX NO. *(Optional):* (925) 407-2700
E-MAIL ADDRESS: ltfisher@bursor.com
ATTORNEY FOR *(Name):* Plaintiff Andrea Valiente

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Old Courthouse

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 2/8/2023 4:51 PM
Reviewed By: R. Cachux
Case #23CV411463
Envelope: 11148476**

CASE NAME:
  Andrea Valiente v. Simpson Imports, Ltd.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $25,000) | [ ] **Limited**<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23CV411463<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Six
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 8, 2023
L. Timothy Fisher
      (TYPE OR PRINT NAME)          ▶               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: _23CV411463_

---

## PLEASE READ THIS ENTIRE FORM

---

_**PLAINTIFF**_ (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

_**DEFENDANT**_ (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

_**RULES AND FORMS:**_  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_**CASE MANAGEMENT CONFERENCE (CMC):**_  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: _Chung, Frederick S_    Department: _10_

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
         Date: _07/11/2023_   Time: _3:45 PM_   in Department: _10_

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
         Date: _____   Time: _____   in Department: _____

---

_**ALTERNATIVE DISPUTE RESOLUTION (ADR):**_  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_**WARNING:**_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: 191626<br>NAME: L. Timothy Fisher<br>FIRM NAME: Bursor & Fisher P.A.<br>STREET ADDRESS: 1990 North California Blvd. Suite 940<br>CITY: Walnut Creek     STATE: CA    ZIP CODE: 94596<br>TELEPHONE NO.: (925) 300-4455    FAX NO. : (925) 407-2700<br>E-MAIL ADDRESS: ltfisher@bursor.com<br>ATTORNEY FOR (Name): Plaintiff Andrea Valiente | *FOR COURT USE ONLY* |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>STREET ADDRESS:  191 North First Street<br>MAILING ADDRESS:  191 North First Street<br>CITY AND ZIP CODE:    San Jose, 95113<br>BRANCH NAME: Old Courthouse |

| |
|---|
| Plaintiff/Petitioner:  Andrea Valiente<br>Defendant/Respondent:  Simpson Imports, Ltd. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>23CV411463 |

TO *(insert name of party being served):* Simpson Imports Ltd. c/o Claudia M. Vetesi

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  April 5, 2023

L. Timothy Fisher                  ▶    *2. Try TC*
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1.  [ x ]  A copy of the summons and of the complaint.
2.  [ x ]  Other *(specify):*

     Civil Lawsuit Notice

*(To be completed by recipient):*

Date this form is signed: _____

_____        ▶
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.      [ Print this form ]    [ Save this form ]        [ Clear this form ]

POS-015
R. Fleming

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 191626 | FOR COURT USE ONLY |
|---|---|---|

NAME: L. Timothy Fisher
FIRM NAME: Bursor & Fisher P.A.
STREET ADDRESS: 1990 North California Blvd. Suite 940
CITY: Walnut Creek   STATE: CA   ZIP CODE: 94596
TELEPHONE NO.: (925) 300-4455   FAX NO.: (925) 407-2700
E-MAIL ADDRESS: ltfisher@bursor.com
ATTORNEY FOR (Name): Plaintiff Andrea Valiente

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Old Courthouse

Plaintiff/Petitioner: Andrea Valiente
Defendant/Respondent: Simpson Imports, Ltd.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 4/7/2023 2:05 PM
Reviewed By: R. Fleming
Case #23CV411463
Envelope: 11655015**

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 23CV411463 |
|---|---|

TO (insert name of party being served): Simpson Imports Ltd. c/o Claudia M. Vetesi

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 5, 2023

L. Timothy Fisher
(TYPE OR PRINT NAME)

2. Try IC
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):

    Civil Lawsuit Notice

(To be completed by recipient):

Date this form is signed: April 6, 2023

Claudia Vetesi
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Claudia Vetesi
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form   Save this form   Clear this form

1   Claudia M. Vetesi (State Bar No. 233485)
    CVetesi@mofo.com
2   **Morrison & Foerster LLP**
    425 Market Street
3   San Francisco, California 94105
    Telephone: 415.268.7000
4   Facsimile: 415.268.7522

5   *Attorneys for Defendant*

6   **BURSOR & FISHER, P.A.**
    L. Timothy Fisher (State Bar No. 191626)
7   Luke W. Sironski-White (State Bar No. 348441)
8   1990 North California Boulevard, Suite 940
    Walnut Creek, CA 94596
9   Telephone: (925) 300-4455
    Facsimile: (925) 407-2700
10  E-Mail: ltfisher@bursor.com
              lsironski@bursor.com
11

12  *Attorneys for Plaintiff*

13          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **COUNTY OF SANTA CLARA**

15  ANDREA VALIENTE, individually and on        Case No. 23CV411463
    behalf of all others similarly situated,
16
                    Plaintiff,
17                                               **STIPULATION AND [PROPOSED]**
                                                 **ORDER FOR EXTENSION OF**
18          v.                                   **TIME FOR DEFENDANT TO**
                                                 **ANSWER OR OTHERWISE**
19  SIMPSON IMPORTS, LTD.,                       **RESPOND TO PLAINTIFF'S**
                                                 **COMPLAINT AND SUMMONS**
20                  Defendant.

21

22

23

24

25

26

27

28

                                    1

1    **PLEASE TAKE NOTICE THAT** Plaintiff Andrea Valiente ("Plaintiff"), and Defendant

2    Simpson Imports, LTD., ("Defendant") (collectively with Plaintiff, the "Parties"), by and through

3    their undersigned counsel, hereby stipulate and agree to as follows:

4        WHEREAS, Plaintiff Andrea Valiente filed the Complaint initiating this action on

5    February 8, 2023 (Dkt. No. 1);

6        WHEREAS, Plaintiff's counsel served the complaint, summons, and a civil lawsuit notice

7    on Defendant's counsel on April 5, 2023;

8        WHEREAS, Defendant's current deadline to answer or otherwise respond to the

9    Summons and Complaint is May 7, 2023;

10        WHEREAS, having conferred on the subject, the Parties agree to extend Defendant's

11    deadline to answer or otherwise respond to the Summons and Complaint until June 7, 2023;

12        WHEREAS, this stipulation is not made for the purpose of delay, and no Party will be

13    prejudiced by the extensions agreed to herein;

14        NOW THEREFORE, THE PARTIES HEREBY STIPULATE, and respectfully request

15    that the Court extend the time for Defendant to answer or otherwise respond to Plaintiff's

16    Complaint to June 7, 2023.

17        **IT IS SO STIPULATED.**

18
19    Dated: April 12, 2023                        **MORRISON & FOERSTER LLP**

20                                                By:    _/s/ Claudia M. Vetesi_

21                                                Claudia M. Vetesi (Bar No. 233485)
                                                  CVetesi@mofo.com
22                                                425 Market Street
                                                  San Francisco, California 94105
23                                                Telephone: 415.268.7000
                                                  Facsimile: 415.268.7522
24
                                                  *Attorneys for Defendant*
25

26

27

28

1    Dated:  April 12, 2023                    **BURSOR & FISHER, P.A.**

2                                              By:  _/s/L. Timothy Fisher_
                                                    L. Timothy Fisher
3
                                              L. Timothy Fisher (State Bar No. 191626)
4                                             Luke W. Sironski-White (State Bar No. 348441)
                                              1990 North California Boulevard, Suite 940
5                                             Walnut Creek, CA 94596
                                              Telephone: (925) 300-4455
6                                             Facsimile: (925) 407-2700
                                              E-Mail: ltfisher@bursor.com
7                                                      lsironski@bursor.com
8
                                              *Attorneys for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION EXTENDING TIME FOR DEFENDANT TO ANSWER OR
OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND SUMMONS / CASE NO. 23CV411463

1

**[PROPOSED] ORDER**

2          Upon consideration of Plaintiff and Defendant's foregoing Joint Stipulation, and for good

3   cause shown, IT IS HEREBY ORDERED THAT that Defendant shall have until June 7, 2023 to

4   answer or otherwise respond to Plaintiff's complaint.

5   **IT IS SO ORDERED.**

6

7   DATED: _____        _____

8                                                            Honorable Frederick S. Chung
                                                             Judge of the Superior Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1

**PROOF OF SERVICE**

2        I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause,
3 and I am over the age of eighteen years.

4        I further declare that on April 12, 2023, I served a copy of:

5                **STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF TIME
                 FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO
6                PLAINTIFF'S COMPLAINT AND SUMMONS**

7    ☒   **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed
         in a sealed envelope with postage thereon fully prepaid, addressed as follows, for
8        collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco,
         California  94105-2482 in accordance with Morrison & Foerster LLP's ordinary business
9        practices.

10       I am readily familiar with Morrison & Foerster LLP's practice for collection and
         processing of correspondence for mailing with the United States Postal Service, and
11       know that in the ordinary course of Morrison & Foerster LLP's business practice the
         document(s) described above will be deposited with the United States Postal Service on
12       the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage
         thereon fully prepaid for collection and mailing.

13
14   ☒   **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6; CRC 2.251]** by
         electronically mailing a true and correct copy through Morrison & Foerster LLP's
15       electronic mail system from COrtega@mofo.com to the email address(es) set forth
         below, or as stated on the attached service list per agreement in accordance with Code of
16       Civil Procedure section 1010.6 and CRC Rule 2.251.

17       **BURSOR & FISHER, P.A.**              *Attorneys for Plaintiff*
18       L. Timothy Fisher
         Luke W. Sironski-White
19       1990 North California Blvd., Suite 940
         Walnut Creek, CA 94596
20       E-Mail: ltfisher@bursor.com
                 lsironski@bursor.com
21

22
         I declare under penalty of perjury under the laws of the State of California that the above
23 is true and correct.

24       Executed at San Francisco, California, this 12th day of April, 2023.

25

26    _____          _____
             Christina Ortega
27             (typed)                              (signature)

28

1

EFS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 233485 | FOR COURT USE ONLY |
|---|---|---|

NAME:  Claudia M. Vetesi
FIRM NAME: Morrison & Foerster LLP
STREET ADDRESS: 425 Market Street
CITY: San Francisco     STATE: CA     ZIP CODE: 94105
TELEPHONE NO.: 415-268-7000     FAX NO.: 415-268-7522
E-MAIL ADDRESS: CVetesi@mofo.com
ATTORNEY FOR (name): Defendant Simpson Imports, LTD.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
 STREET ADDRESS: 191 North First Street
 MAILING ADDRESS: 191 North First Street
 CITY AND ZIP CODE: San Jose, 95113
 BRANCH NAME: Downtown Superior Court (DTS)

PLAINTIFF/PETITIONER: ANDREA VALIENTE

DEFENDANT/RESPONDENT: SIMPSON IMPORTS, LTD.

OTHER:

**PROPOSED ORDER (COVER SHEET)**

CASE NUMBER:
23CV411463

JUDICIAL OFFICER:
Honorable Frederick S. Chung

DEPT:
10

---

**NOTE:**  This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1.  Name of the party submitting the proposed order:

   Defendant Simpson Imports, LTD.

2.  Title of the proposed order:

   Stipulation and [Proposed] Order for Extension of Time for Defendant to Answer or Otherwise Respond

3.  The proceeding to which the proposed order relates is:

   a.  Description of proceeding:

   b.  Date and time:

   c.  Place:

4.  The proposed order was served on the other parties in the case.

---

Claudia M. Vetesi
(TYPE OR PRINT NAME)

▶

/s/ Claudia M. Vetesi
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Cal. Rules of Court,
rules 2.252, 3.1312
www.courts.ca.gov

EFS-020

| CASE NAME:<br>Valiente v. Simpson Imports Ltd. | CASE NUMBER:<br>23CV411463 |
|---|---|

### PROOF OF ELECTRONIC SERVICE
#### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify)*:

     425 Market Street, San Francisco, CA 94105

   b. My electronic service address is *(specify):* cortega@mofo.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
     L. Timothy Fisher
     Luke W. Sironski-White
     Attorneys for Plaintiff

   b. To *(electronic service address of person served):* ltfisher@bursor.com; lsironski@bursor.com

   c. On *(date):* 4/20/2023

☐  Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/20/2023

| Christina Ortega | ► | *(signature)* |
|---|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | | (SIGNATURE OF DECLARANT) |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |
|---|---|---|---|

1   Claudia M. Vetesi (State Bar No. 233485)
    CVetesi@mofo.com
2   **Morrison & Foerster LLP**
    425 Market Street
3   San Francisco, California 94105
    Telephone: 415.268.7000
4   Facsimile: 415.268.7522

5   *Attorneys for Defendant*

6   **BURSOR & FISHER, P.A.**
    L. Timothy Fisher (State Bar No. 191626)
7   Luke W. Sironski-White (State Bar No. 348441)
    1990 North California Boulevard, Suite 940
8   Walnut Creek, CA 94596
    Telephone: (925) 300-4455
9   Facsimile: (925) 407-2700
    E-Mail: ltfisher@bursor.com
10          lsironski@bursor.com

11  *Attorneys for Plaintiff*

12

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                      **COUNTY OF SANTA CLARA**

15  ANDREA VALIENTE, individually and on        Case No. 23CV411463
    behalf of all others similarly situated,
16
                        Plaintiff,
17                                              **STIPULATION AND [PROPOSED]
                                                ORDER FOR EXTENSION OF
18          v.                                  TIME FOR DEFENDANT TO
                                                ANSWER OR OTHERWISE
19  SIMPSON IMPORTS, LTD.,                      RESPOND TO PLAINTIFF'S
                                                COMPLAINT AND SUMMONS**
20                      Defendant.

21

22

23

24

25

26

27

28

                                        1

1  **PLEASE TAKE NOTICE THAT** Plaintiff Andrea Valiente ("Plaintiff"), and Defendant

2  Simpson Imports, LTD., ("Defendant") (collectively with Plaintiff, the "Parties"), by and through

3  their undersigned counsel, hereby stipulate and agree to as follows:

4  WHEREAS, Plaintiff Andrea Valiente filed the Complaint initiating this action on

5  February 8, 2023 (Dkt. No. 1);

6  WHEREAS, Plaintiff's counsel served the complaint, summons, and a civil lawsuit notice

7  on Defendant's counsel on April 5, 2023;

8  WHEREAS, Defendant's current deadline to answer or otherwise respond to the

9  Summons and Complaint is May 7, 2023;

10  WHEREAS, having conferred on the subject, the Parties agree to extend Defendant's

11  deadline to answer or otherwise respond to the Summons and Complaint until June 7, 2023;

12  WHEREAS, this stipulation is not made for the purpose of delay, and no Party will be

13  prejudiced by the extensions agreed to herein;

14  NOW THEREFORE, THE PARTIES HEREBY STIPULATE, and respectfully request

15  that the Court extend the time for Defendant to answer or otherwise respond to Plaintiff's

16  Complaint to June 7, 2023.

17  **IT IS SO STIPULATED.**

18

19  Dated: April 12, 2023                **MORRISON & FOERSTER LLP**

20                                       By:    */s/ Claudia M. Vetesi*

21                                       Claudia M. Vetesi (Bar No. 233485)
                                         CVetesi@mofo.com
22                                       425 Market Street
                                         San Francisco, California 94105
23                                       Telephone: 415.268.7000
                                         Facsimile: 415.268.7522
24
                                         *Attorneys for Defendant*
25

26

27

28

1

Dated: April 12, 2023

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**

By:   */s/L. Timothy Fisher*
L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Luke W. Sironski-White (State Bar No. 348441)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
lsironski@bursor.com

*Attorneys for Plaintiff*

1

**[PROPOSED] ORDER**

2          Upon consideration of Plaintiff and Defendant's foregoing Joint Stipulation, and for good

3   cause shown, IT IS HEREBY ORDERED THAT that Defendant shall have until June 7, 2023 to

4   answer or otherwise respond to Plaintiff's complaint.

5   **IT IS SO ORDERED.**

6

7   DATED: _____          _____

8                                             Honorable Frederick S. Chung
                                              Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2          I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause,
3    and I am over the age of eighteen years.

4          I further declare that on April 12, 2023, I served a copy of:

5               **STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF TIME
               FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO
6               PLAINTIFF'S COMPLAINT AND SUMMONS**

7     ☒     **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed
               in a sealed envelope with postage thereon fully prepaid, addressed as follows, for
8               collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco,
               California  94105-2482 in accordance with Morrison & Foerster LLP's ordinary business
9               practices.

10             I am readily familiar with Morrison & Foerster LLP's practice for collection and
               processing of correspondence for mailing with the United States Postal Service, and
11             know that in the ordinary course of Morrison & Foerster LLP's business practice the
               document(s) described above will be deposited with the United States Postal Service on
12             the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage
               thereon fully prepaid for collection and mailing.

13
      ☒     **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6; CRC 2.251]** by
14             electronically mailing a true and correct copy through Morrison & Foerster LLP's
               electronic mail system from COrtega@mofo.com to the email address(es) set forth
15             below, or as stated on the attached service list per agreement in accordance with Code of
               Civil Procedure section 1010.6 and CRC Rule 2.251.

16

17             **BURSOR & FISHER, P.A.**          *Attorneys for Plaintiff*
               L. Timothy Fisher
18             Luke W. Sironski-White
               1990 North California Blvd., Suite 940
19             Walnut Creek, CA 94596
               E-Mail: ltfisher@bursor.com
20                       lsironski@bursor.com

21

22
          I declare under penalty of perjury under the laws of the State of California that the above
23    is true and correct.

24          Executed at San Francisco, California, this 12th day of April, 2023.

25

26     _____          _____
                    Christina Ortega                              (signature)
27                       (typed)

28

1

23CV411463
Santa Clara – Civil

EFS-020

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME: Claudia M. Vetesi    STATE BAR NO.: 233485<br>FIRM NAME: Morrison & Foerster LLP<br>STREET ADDRESS: 425 Market Street<br>CITY: San Francisco    STATE: CA    ZIP CODE: 94105<br>TELEPHONE NO.: 415-268-7000    FAX NO.: 415-268-7522<br>E-MAIL ADDRESS: CVetesi@mofo.com<br>ATTORNEY FOR (name): Defendant Simpson Imports, LTD. | FOR COURT USE ONLY<br><br>R. Burciaga<br>on 4/24/2023 12:28 PM<br>Reviewed By: R. Burciaga<br>Case #23CV411463<br>Envelope: 11787356 |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Downtown Superior Court (DTS) |

| | |
|---|---|
| PLAINTIFF/PETITIONER: ANDREA VALIENTE<br>DEFENDANT/RESPONDENT: SIMPSON IMPORTS, LTD.<br>OTHER: | CASE NUMBER:<br>23CV411463 |
| | JUDICIAL OFFICER:<br>Honorable Frederick S. Chung |
| PROPOSED ORDER (COVER SHEET) | DEPT:<br>10 |

---

**NOTE:** This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:

   Defendant Simpson Imports, LTD.

2. Title of the proposed order:

   Stipulation and [Proposed] Order for Extension of Time for Defendant to Answer or Otherwise Respond

3. The proceeding to which the proposed order relates is:

   a. Description of proceeding:

   b. Date and time:

   c. Place:

4. The proposed order was served on the other parties in the case.

---

Claudia M. Vetesi
_____
(TYPE OR PRINT NAME)

▶    /s/ Claudia M. Vetesi
_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

EFS-020

| CASE NAME:<br>Valiente v. Simpson Imports Ltd. | CASE NUMBER:<br>23CV411463 |
|---|---|

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*

   425 Market Street, San Francisco, CA 94105

   b. My electronic service address is *(specify):* cortega@mofo.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
   L. Timothy Fisher
   Luke W. Sironski-White
   Attorneys for Plaintiff

   b. To *(electronic service address of person served):* ltfisher@bursor.com; lsironski@bursor.com

   c. On *(date):* 4/20/2023

   ☐ Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/20/2023

| Christina Ortega | |
|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

1   Claudia M. Vetesi (State Bar No. 233485)
    CVetesi@mofo.com
2   **Morrison & Foerster LLP**
    425 Market Street
3   San Francisco, California 94105
    Telephone: 415.268.7000
4   Facsimile: 415.268.7522

5   *Attorneys for Defendant*

6   **BURSOR & FISHER, P.A.**
    L. Timothy Fisher (State Bar No. 191626)
7   Luke W. Sironski-White (State Bar No. 348441)
    1990 North California Boulevard, Suite 940
8   Walnut Creek, CA 94596
    Telephone: (925) 300-4455
9   Facsimile: (925) 407-2700
    E-Mail: ltfisher@bursor.com
10           lsironski@bursor.com

11

12  *Attorneys for Plaintiff*

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                     **COUNTY OF SANTA CLARA**

15  ANDREA VALIENTE, individually and on          Case No. 23CV411463
    behalf of all others similarly situated,
16
                                                   **STIPULATION AND [PROPOSED]**
17              Plaintiff,                          **ORDER FOR EXTENSION OF**
                                                   **TIME FOR DEFENDANT TO**
18          v.                                     **ANSWER OR OTHERWISE**
                                                   **RESPOND TO PLAINTIFF'S**
19  SIMPSON IMPORTS, LTD.,                         **COMPLAINT AND SUMMONS**

20              Defendant.

21

22

23

24

25

26

27

28
                                          1

1    **PLEASE TAKE NOTICE THAT** Plaintiff Andrea Valiente ("Plaintiff"), and Defendant

2    Simpson Imports, LTD., ("Defendant") (collectively with Plaintiff, the "Parties"), by and through

3    their undersigned counsel, hereby stipulate and agree to as follows:

4    WHEREAS, Plaintiff Andrea Valiente filed the Complaint initiating this action on

5    February 8, 2023 (Dkt. No. 1);

6    WHEREAS, Plaintiff's counsel served the complaint, summons, and a civil lawsuit notice

7    on Defendant's counsel on April 5, 2023;

8    WHEREAS, Defendant's current deadline to answer or otherwise respond to the

9    Summons and Complaint is May 7, 2023;

10   WHEREAS, having conferred on the subject, the Parties agree to extend Defendant's

11   deadline to answer or otherwise respond to the Summons and Complaint until June 7, 2023;

12   WHEREAS, this stipulation is not made for the purpose of delay, and no Party will be

13   prejudiced by the extensions agreed to herein;

14   NOW THEREFORE, THE PARTIES HEREBY STIPULATE, and respectfully request

15   that the Court extend the time for Defendant to answer or otherwise respond to Plaintiff's

16   Complaint to June 7, 2023.

17   **IT IS SO STIPULATED.**

18

19   Dated: April 12, 2023                    **MORRISON & FOERSTER LLP**

20                                            By:    */s/ Claudia M. Vetesi*

21                                            Claudia M. Vetesi (Bar No. 233485)
                                              CVetesi@mofo.com
22                                            425 Market Street
                                              San Francisco, California 94105
23                                            Telephone: 415.268.7000
                                              Facsimile: 415.268.7522
24
                                             *Attorneys for Defendant*
25

26

27

28

1     Dated: April 12, 2023                 **BURSOR & FISHER, P.A.**

2                                      By: _*/s/L. Timothy Fisher*_
3                                           L. Timothy Fisher

4                               L. Timothy Fisher (State Bar No. 191626)
5                               Luke W. Sironski-White (State Bar No. 348441)
                              1990 North California Boulevard, Suite 940
6                               Walnut Creek, CA 94596
7                               Telephone: (925) 300-4455
                              Facsimile: (925) 407-2700
8                               E-Mail: ltfisher@bursor.com
                                         lsironski@bursor.com
9
                              *Attorneys for Plaintiff*

STIPULATION EXTENDING TIME FOR DEFENDANT TO ANSWER OR
OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND SUMMONS / CASE NO. 23CV411463

1

**[PROPOSED] ORDER**

2      Upon consideration of Plaintiff and Defendant's foregoing Joint Stipulation, and for good

3  cause shown, IT IS HEREBY ORDERED THAT that Defendant shall have until June 7, 2023 to

4  answer or otherwise respond to Plaintiff's complaint.

5  **IT IS SO ORDERED.**

6

7  DATED: _____         _____

8                                             Honorable Frederick S. Chung
                                               Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1

**PROOF OF SERVICE**

2        I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address

3  is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause, and I am over the age of eighteen years.

4        I further declare that on April 12, 2023, I served a copy of:

5        **STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF TIME**
         **FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO**
6        **PLAINTIFF'S COMPLAINT AND SUMMONS**

7    ☒    **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed
         in a sealed envelope with postage thereon fully prepaid, addressed as follows, for
8        collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco,
         California  94105-2482 in accordance with Morrison & Foerster LLP's ordinary business
9        practices.

10       I am readily familiar with Morrison & Foerster LLP's practice for collection and
         processing of correspondence for mailing with the United States Postal Service, and
11       know that in the ordinary course of Morrison & Foerster LLP's business practice the
         document(s) described above will be deposited with the United States Postal Service on
12       the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage
         thereon fully prepaid for collection and mailing.

13

14   ☒    **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6; CRC 2.251]** by
         electronically mailing a true and correct copy through Morrison & Foerster LLP's
15       electronic mail system from COrtega@mofo.com to the email address(es) set forth
         below, or as stated on the attached service list per agreement in accordance with Code of
16       Civil Procedure section 1010.6 and CRC Rule 2.251.

17       **BURSOR & FISHER, P.A.**              *Attorneys for Plaintiff*

18       L. Timothy Fisher
         Luke W. Sironski-White
19       1990 North California Blvd., Suite 940
         Walnut Creek, CA 94596
20       E-Mail: ltfisher@bursor.com
                 lsironski@bursor.com
21

22

23       I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct.

24       Executed at San Francisco, California, this 12th day of April, 2023.

25

26   _____          _____
           Christina Ortega
27           (typed)                                    (signature)

28

1

EFS-020

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME: Claudia M. Vetesi<br>FIRM NAME: Morrison & Foerster LLP<br>STREET ADDRESS: 425 Market Street<br>CITY: San Francisco   STATE: CA   ZIP CODE: 94105<br>TELEPHONE NO.: 415-268-7000   FAX NO.: 415-268-7522<br>E-MAIL ADDRESS: CVetesi@mofo.com<br>ATTORNEY FOR (name): Defendant Simpson Imports, LTD. | STATE BAR NO.: 233485 |

FOR COURT USE ONLY

on 4/24/2023 12:28 PM
Reviewed By: R. Burciaga
Case #23CV411463
Envelope: 11787356

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court (DTS)

PLAINTIFF/PETITIONER: ANDREA VALIENTE

DEFENDANT/RESPONDENT: SIMPSON IMPORTS, LTD.

OTHER:

**PROPOSED ORDER (COVER SHEET)**

CASE NUMBER:
23CV411463

JUDICIAL OFFICER:
Honorable Frederick S. Chung

DEPT:
10

---

**NOTE:** This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:
   Defendant Simpson Imports, LTD.

2. Title of the proposed order:
   Stipulation and [Proposed] Order for Extension of Time for Defendant to Answer or Otherwise Respond

3. The proceeding to which the proposed order relates is:
   a. Description of proceeding:
   b. Date and time:
   c. Place:

4. The proposed order was served on the other parties in the case.

---

Claudia M. Vetesi
(TYPE OR PRINT NAME)

▶

/s/ Claudia M. Vetesi
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Cal. Rules of Court,
rules 2.252, 3.1312
www.courts.ca.gov

EFS-020

| CASE NAME:<br>Valiente v. Simpson Imports Ltd. | CASE NUMBER:<br>23CV411463 |
|---|---|

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*

   425 Market Street, San Francisco, CA 94105

   b. My electronic service address is *(specify):* cortega@mofo.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
   L. Timothy Fisher
   Luke W. Sironski-White
   Attorneys for Plaintiff

   b. To *(electronic service address of person served):* ltfisher@bursor.com; lsironski@bursor.com

   c. On *(date):* 4/20/2023

   ☐ Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/20/2023

Christina Ortega
(TYPE OR PRINT NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

| EFS-020 [Rev. February 1, 2017] | **PROPOSED ORDER (COVER SHEET)**<br>**(Electronic Filing)** | Page 2 of 2 |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

**Print this form**   **Save this form**   **Clear this form**

Claudia M. Vetesi (State Bar No. 233485)
CVetesi@mofo.com
**Morrison & Foerster LLP**
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke W. Sironski-White (State Bar No. 348441)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          lsironski@bursor.com

*Attorneys for Plaintiff*

Filed
April 28, 2023
Clerk of the Court
Superior Court of CA
County of Santa Clara
23CV411463
By: raragon

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| ANDREA VALIENTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIMPSON IMPORTS, LTD.,<br><br>Defendant. | Case No. 23CV411463<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR EXTENSION OF TIME FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND SUMMONS** |

1

1
2
3
**PLEASE TAKE NOTICE THAT** Plaintiff Andrea Valiente ("Plaintiff"), and Defendant Simpson Imports, LTD., ("Defendant") (collectively with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree to as follows:

4
5
WHEREAS, Plaintiff Andrea Valiente filed the Complaint initiating this action on February 8, 2023 (Dkt. No. 1);

6
7
WHEREAS, Plaintiff's counsel served the complaint, summons, and a civil lawsuit notice on Defendant's counsel on April 5, 2023;

8
9
WHEREAS, Defendant's current deadline to answer or otherwise respond to the Summons and Complaint is May 7, 2023;

10
11
WHEREAS, having conferred on the subject, the Parties agree to extend Defendant's deadline to answer or otherwise respond to the Summons and Complaint until June 7, 2023;

12
13
WHEREAS, this stipulation is not made for the purpose of delay, and no Party will be prejudiced by the extensions agreed to herein;

14
15
16
NOW THEREFORE, THE PARTIES HEREBY STIPULATE, and respectfully request that the Court extend the time for Defendant to answer or otherwise respond to Plaintiff's Complaint to June 7, 2023.

17
**IT IS SO STIPULATED.**

18
19
Dated: April 12, 2023

**MORRISON & FOERSTER LLP**

20
By:    */s/ Claudia M. Vetesi*

21
22
23
Claudia M. Vetesi (Bar No. 233485)
CVetesi@mofo.com
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522

24
*Attorneys for Defendant*

25
26
27
28

2

1    Dated: April 12, 2023                    **BURSOR & FISHER, P.A.**

2                                             By:    */s/L. Timothy Fisher*
                                                     L. Timothy Fisher
3
                                             L. Timothy Fisher (State Bar No. 191626)
4                                            Luke W. Sironski-White (State Bar No. 348441)
                                             1990 North California Boulevard, Suite 940
5                                            Walnut Creek, CA 94596
                                             Telephone: (925) 300-4455
6                                            Facsimile: (925) 407-2700
                                             E-Mail: ltfisher@bursor.com
7                                                    lsironski@bursor.com

8
                                             *Attorneys for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

STIPULATION EXTENDING TIME FOR DEFENDANT TO ANSWER OR
OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND SUMMONS / CASE NO. 23CV411463

1  **[PROPOSED]** ORDER

2         Upon consideration of Plaintiff and Defendant's foregoing Joint Stipulation, and for good

3  cause shown, IT IS HEREBY ORDERED THAT that Defendant shall have until June 7, 2023 to

4  answer or otherwise respond to Plaintiff's complaint.

5  **IT IS SO ORDERED.**                          Signed: 4/25/2023 05:17 PM

6

7  DATED: _____          April 25, 2023          _____

8                                                          Honorable Frederick S. Chung
                                                           Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1

**PROOF OF SERVICE**

2
I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause,

3
and I am over the age of eighteen years.

4
I further declare that on April 12, 2023, I served a copy of:

5
**STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF TIME**
**FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO**

6
**PLAINTIFF'S COMPLAINT AND SUMMONS**

7
☒   **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed
in a sealed envelope with postage thereon fully prepaid, addressed as follows, for

8
collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco,
California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business

9
practices.

10
I am readily familiar with Morrison & Foerster LLP's practice for collection and
processing of correspondence for mailing with the United States Postal Service, and

11
know that in the ordinary course of Morrison & Foerster LLP's business practice the
document(s) described above will be deposited with the United States Postal Service on

12
the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage
thereon fully prepaid for collection and mailing.

13

14
☒   **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6; CRC 2.251]** by
electronically mailing a true and correct copy through Morrison & Foerster LLP's

15
electronic mail system from COrtega@mofo.com to the email address(es) set forth
below, or as stated on the attached service list per agreement in accordance with Code of

16
Civil Procedure section 1010.6 and CRC Rule 2.251.

17
**BURSOR & FISHER, P.A.**                    *Attorneys for Plaintiff*

18
L. Timothy Fisher
Luke W. Sironski-White

19
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596

20
E-Mail: ltfisher@bursor.com

21
        lsironski@bursor.com

22
I declare under penalty of perjury under the laws of the State of California that the above

23
is true and correct.

24
Executed at San Francisco, California, this 12th day of April, 2023.

25

26
_____          _____
        Christina Ortega

27
        (typed)                              (signature)

28

1

# Exhibit B

23CV411463
Santa Clara – Civil

EFS-020
R. Burciaga

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME:  Claudia M. Vetesi<br>FIRM NAME: Morrison & Foerster LLP<br>STREET ADDRESS: 425 Market Street<br>CITY:  San Francisco    STATE:  CA    ZIP CODE:  94105<br>TELEPHONE NO.: 415-268-7000    FAX NO.: 415-268-7522<br>E-MAIL ADDRESS: CVetesi@mofo.com<br>ATTORNEY FOR (name): Defendant Simpson Imports, LTD. | STATE BAR NO.:  233485 | FOR COURT USE ONLY<br><br>on 4/24/2023 12:28 PM<br>Reviewed By: R. Burciaga<br>Case #23CV411463<br>Envelope: 11787356 |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Downtown Superior Court (DTS) |

| | |
|---|---|
| PLAINTIFF/PETITIONER: ANDREA VALIENTE<br><br>DEFENDANT/RESPONDENT: SIMPSON IMPORTS, LTD.<br><br>OTHER: | CASE NUMBER:<br>23CV411463 |
| | JUDICIAL OFFICER:<br>Honorable Frederick S. Chung |
| PROPOSED ORDER (COVER SHEET) | DEPT:<br>10 |

---

**NOTE:**  This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:

   Defendant Simpson Imports, LTD.

2. Title of the proposed order:

   Stipulation and [Proposed] Order for Extension of Time for Defendant to Answer or Otherwise Respond

3. The proceeding to which the proposed order relates is:

   a.  Description of proceeding:

   b.  Date and time:

   c.  Place:

4. The proposed order was served on the other parties in the case.

---

Claudia M. Vetesi
_____
(TYPE OR PRINT NAME)

▶

/s/ Claudia M. Vetesi
_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

EFS-020

| CASE NAME:                      | CASE NUMBER: |
|---------------------------------|--------------|
| Valiente v. Simpson Imports Ltd.| 23CV411463   |

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

    a. My residence or business address is *(specify):*

    425 Market Street, San Francisco, CA 94105

    b. My electronic service address is *(specify):* cortega@mofo.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

    a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
    L. Timothy Fisher
    Luke W. Sironski-White
    Attorneys for Plaintiff

    b. To *(electronic service address of person served):*  ltfisher@bursor.com; lsironski@bursor.com

    c. On *(date):* 4/20/2023

☐ Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/20/2023

Christina Ortega
(TYPE OR PRINT NAME OF DECLARANT)

▶

(SIGNATURE OF DECLARANT)

EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

1   Claudia M. Vetesi (State Bar No. 233485)
    CVetesi@mofo.com
2   **Morrison & Foerster LLP**
    425 Market Street
3   San Francisco, California 94105
    Telephone: 415.268.7000
4   Facsimile: 415.268.7522

5   *Attorneys for Defendant*

6   **BURSOR & FISHER, P.A.**
    L. Timothy Fisher (State Bar No. 191626)
7   Luke W. Sironski-White (State Bar No. 348441)
8   1990 North California Boulevard, Suite 940
    Walnut Creek, CA 94596
9   Telephone: (925) 300-4455
    Facsimile: (925) 407-2700
10  E-Mail: ltfisher@bursor.com
11           lsironski@bursor.com

12  *Attorneys for Plaintiff*

Filed
April 28, 2023
Clerk of the Court
Superior Court of CA
County of Santa Clara
23CV411463
By:  raragon

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                      **COUNTY OF SANTA CLARA**

15  ANDREA VALIENTE, individually and on          Case No. 23CV411463
16  behalf of all others similarly situated,

17                      Plaintiff,               **STIPULATION AND [~~PROPOSED~~]
                                                 ORDER FOR EXTENSION OF**
18          v.                                   **TIME FOR DEFENDANT TO
                                                 ANSWER OR OTHERWISE**
19  SIMPSON IMPORTS, LTD.,                       **RESPOND TO PLAINTIFF'S
                                                 COMPLAINT AND SUMMONS**
20                      Defendant.

21

22

23

24

25

26

27

28

                                            1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE NOTICE THAT** Plaintiff Andrea Valiente ("Plaintiff"), and Defendant Simpson Imports, LTD., ("Defendant") (collectively with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree to as follows:

WHEREAS, Plaintiff Andrea Valiente filed the Complaint initiating this action on February 8, 2023 (Dkt. No. 1);

WHEREAS, Plaintiff's counsel served the complaint, summons, and a civil lawsuit notice on Defendant's counsel on April 5, 2023;

WHEREAS, Defendant's current deadline to answer or otherwise respond to the Summons and Complaint is May 7, 2023;

WHEREAS, having conferred on the subject, the Parties agree to extend Defendant's deadline to answer or otherwise respond to the Summons and Complaint until June 7, 2023;

WHEREAS, this stipulation is not made for the purpose of delay, and no Party will be prejudiced by the extensions agreed to herein;

NOW THEREFORE, THE PARTIES HEREBY STIPULATE, and respectfully request that the Court extend the time for Defendant to answer or otherwise respond to Plaintiff's Complaint to June 7, 2023.

**IT IS SO STIPULATED.**

Dated: April 12, 2023

**MORRISON & FOERSTER LLP**

By:   */s/ Claudia M. Vetesi*

Claudia M. Vetesi (Bar No. 233485)
CVetesi@mofo.com
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*

1    Dated: April 12, 2023                    **BURSOR & FISHER, P.A.**

2                                             By:    */s/L. Timothy Fisher*
                                                         L. Timothy Fisher
3
                                             L. Timothy Fisher (State Bar No. 191626)
4                                            Luke W. Sironski-White (State Bar No. 348441)
                                             1990 North California Boulevard, Suite 940
5                                            Walnut Creek, CA 94596
                                             Telephone: (925) 300-4455
6                                            Facsimile: (925) 407-2700
                                             E-Mail: ltfisher@bursor.com
7                                                     lsironski@bursor.com
8
9                                            *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION EXTENDING TIME FOR DEFENDANT TO ANSWER OR
OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT AND SUMMONS / CASE NO. 23CV411463

1

**[PROPOSED] ORDER**

2    Upon consideration of Plaintiff and Defendant's foregoing Joint Stipulation, and for good

3 cause shown, IT IS HEREBY ORDERED THAT that Defendant shall have until June 7, 2023 to

4 answer or otherwise respond to Plaintiff's complaint.

5 **IT IS SO ORDERED.**

Signed: 4/25/2023 05:17 PM

6

April 25, 2023

7 DATED: _____    _____

8    Honorable Frederick S. Chung
       Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

1

**PROOF OF SERVICE**

2        I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address

3 is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause, and I am over the age of eighteen years.

4        I further declare that on April 12, 2023, I served a copy of:

5                **STIPULATION AND [PROPOSED] ORDER FOR EXTENSION OF TIME FOR DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO**

6                **PLAINTIFF'S COMPLAINT AND SUMMONS**

7    ☒   **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed

8 in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco,

9 California  94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

10        I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and

11 know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on

12 the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

13

14    ☒   **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6; CRC 2.251]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's

15 electronic mail system from COrtega@mofo.com to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Code of

16 Civil Procedure section 1010.6 and CRC Rule 2.251.

17          **BURSOR & FISHER, P.A.**       *Attorneys for Plaintiff*

18          L. Timothy Fisher

Luke W. Sironski-White

19          1990 North California Blvd., Suite 940

20 Walnut Creek, CA 94596

E-Mail: ltfisher@bursor.com

21               lsironski@bursor.com

22

23        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24        Executed at San Francisco, California, this 12th day of April, 2023.

25

26             Christina Ortega

27               (typed)                 (signature)

28