**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
lsironski@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (Admitted *Pro Hac Vice*)(*pro hac vice* forthcoming)
888 1330Seventh Avenue Of The Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: mgirardi@bursor.com

*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARAUNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ANDREA VALIENTE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SIMPSON IMPORTS, LTD.,

Defendant.

Case No. 3:23-cv-02214-AMO

**CLASS ACTION COMPLAINT FOR**

**Violation of California's Unfair Competition Law**
**Violation of California's Consumers Legal Remedies Act**
**Violation of California's False Advertising Law**
**Fraud**
**Breach of Express Warranty**
**(6) Unjust Enrichment**FIRST AMENDED CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Formatted: Indent: Left: 0.06"
Formatted: Indent: Left: 0.06", First line: 0.01"
Formatted: Indent: Left: 0.06"

Plaintiff Andrea Valiente ("Plaintiff" or "Ms. Valiente"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant Simpson Brands, Ltd., d/b/a San Merican Tomatoes ("SMT" or "Defendant").

Formatted: Footer distance from edge: 0.2"

**NATURE OF THE ACTION**

1. This is a class action lawsuit on behalf of purchasers of SMT brand canned tomatoes (the "Tomatoes" or the "Products") in the United States.[1]

2. San Marzano tomatoes are a highly sought-after variety of tomato – generally considered the best for making sauces. As a result, both San Marzano "style" and San Marzano D.O.P. tomatoes command a significantly higher asking price than standard plum or Roma tomatoes, and consumers are willing to pay for it.

3. Defendant does not sell San Marzano tomatoes – it sells inferior Roma tomatoes. But Defendant utilizes highly misleading tomato packaging to trick consumers into believing that they are purchasing genuine San Marzano tomatoes, at San Marzano prices.

4. As described in further detail below, the label used for all of Defendant's tomato Products bears several features which make it highly misleading. As a result, consumers have purchased hundreds of thousands of Defendant's Products under the false, but reasonable, impression that they were purchasing a San Marzano varietal of tomato, when they were not.

5. Because cans of tomatoes are opaque, consumers can only examine the label when they are deciding which can of tomatoes to purchase.

6. Defendant has known or should have known about its misleading packaging for years, but has taken no action to fix it. Instead, Defendant continues to rely on deception to reap much greater profits than it would otherwise. If consumers knew the truth about Defendant's Tomatoes, they would not have purchased them or would pay significantly less for them than they did.

[1] The Products include, but are not limited to, SMT brand crushed, diced, whole peeled, or pureed tomatoes. The Tomatoes can come in a can or a box.

Formatted: Small caps, Not All caps

**Background on San Marzano tomatoes:**

7. Tomatoes come in many different varieties such as cherry, beefsteak, or Roma, each of which have unique flavors and uses. The San Marzano is one such tomato varietal.



8. The San Marzano varietal of tomatoes originates from the town of San Marzano sul Sarno, near Naples, Italy. It was first grown in the volcanic soil around Mount Vesuvius.

9. Some San Marzano tomatoes are still grown within proximity to Mount Vesuvius. These specific San Marzano varietals bear a special designation: D.O.P. (*Denominazione d'Origine Protetta*, "Protected Designation of Origin"), which certifies that they were grown in the San Marzano region of Italy.

10. But not all San Marzano tomatoes are D.O.P. Many San Marzano tomatoes varietals are grown in the United States, in which case they are labeled as "San Marzano style" or just San Marzano without the D.O.P. designation.

11. Compared to the Roma tomato, San Marzano tomatoes are thinner and more pointed. The flesh is much thicker with fewer seeds, and a stronger, sweeter, less acidic taste.

Formatted: Small caps, Not All caps




12. The unique characteristics of the San Marzano tomato mean that they are perfectly suited for making sauces. Indeed, they are widely considered the best tomato in the world for the task.

13. Blind taste testing has shown that the difference between sauces made with Roma tomatoes and sauces made with San Marzano tomatoes is significant, with Roma tomatoes consistently producing a less desirable sauce.

14. Roma tomatoes are considered worse because they are more acidic and have thinner flesh, producing a more watery and sour tasting sauce.

15. Due to these differences, chefs and home cooks alike seek out canned San Marzano tomatoes and are willing to pay for them. San Marzano tomatoes routinely command double or triple the asking price of regular canned Roma or generic tomatoes.

Formatted: Small caps, Not All caps

16. By way of example, below is a comparison between regular and San Marzano tomatoes sold by Safeway:

| PRODUCT | PRICE |
|---|---|
| Signature SELECT Tomatoes Peeled Whole – 28oz | $2.59 |
| Hunt's Crushed Tomatoes – 28oz | $3.29 |
| Take Root Organics Whole Tomatoes – 28oz | $3.79 |
| SMT Whole Peeled Tomatoes – 28oz | $5.99 |
| Italbrand Tomatoes Peeled Italian San Marzano D.O.P. – 28oz | $5.99 |
| Cento Tomatoes San Marzano D.O.P. – 28oz | $8.99 |

17. Accordingly, the type of tomato in the can is a material fact to consumers, because they are willing to pay significantly more for San Marzano tomatoes than those of other varieties. No reasonable consumer would spend two or three times as much for tomatoes that offer nothing over their cheaper counterparts.

**SMT Brand Tomatoes are Labeled to Mislead Consumers**

18. Defendant Simpson Imports, Ltd., markets and sells its tomatoes under the "SMT" brand.

19. Defendant sells boxed tomatoes, canned tomatoes, tomato sauces, and tomato pastes. Defendant's deceptive labeling is substantially similar across all of its Products.

20. Defendant's Tomatoes are all packaged with the same visually distinct and eye-catching label, an example of which is depicted below, subject to minor and inconsequential variation:

Formatted: Small caps, Not All caps













Formatted: (none)

Formatted: No bullets or numbering

21. The label features large illustrations of a San Marzano varietal tomato against a white background, with a thin ribbon of text around the top and bottom (save for the tomato paste

Formatted: Small caps, Not All caps

label) stating what kind of tomato preparation is in the can (*i.e.*, whole, crushed, diced, pureed). In the middle of each tomato illustration are the letters SMT.

22. Consumers looking for a San Marzano varietal tomato have only this label to work from when making their purchasing decision, they cannot see inside of the package.

23. SMT's labeling is materially misleading to reasonable consumers.

24. First, the illustration is unmistakably that of a San Marzano tomato. ~~So~~, ~~c~~Thus, consumers who are seeking out San Marzano tomatoes, ~~,~~ are predictably misled into believing Defendant's package contains them. This is especially true because many competing brands ~~which~~that sell genuine San Marzano tomatoes -use ~~similar~~near-identical images or illustrations on their cans. Below is an example of different "San Marzano" tomato cans stacked together. Tellingly, the maker of this image – Southern Living Magazine – has mistakenly grouped Defendant's cans in with the genuine San Marzano brands.[2]




[2] https://www.southernliving.com/san-marzano-tomatoes-7553010



Formatted: Small caps, Not All caps

~~25.~~ Second, Defendant knows that ~~this~~ its current label bears the image ~~is~~ of a San Marzano tomato because Defendant used to sell actual San Marzano varietal tomatoes, using nearly identical packaging. The only difference was that Defendant's package used to have "San Marzano" written where "SMT" is now. A side-by-side of Defendant's old and current labels is ~~depicted~~ shown below.

~~26.~~25. ~~Though~~Although Defendant no longer sells true San Marzano tomatoes, its packaging still bears the image of one~~.~~:




***Former (on left) vs. current (on right) packaging, showing same varietal of tomato.***

Formatted: Font: Italic

Formatted: Centered, No bullets or numbering

Formatted: Font: Bold, Italic

~~27.~~26. ~~Second~~Third, the "SMT" lettering ~~can reasonably be~~is reasonably understood as an abbreviation for "San Marzano Tomato." After Defendant stopped selling true San Marzano varietal tomatoes, it changed to "San Marzano" to "SMT," ostensibly to attempt to avoid false advertising. However, the letters SMT, while not literally false, are highly misleading~~,~~ because a consumer looking for San Marzano tomatoes in the tomato aisle is primed to think that SMT ~~stands for~~refers to ~~the~~ San Marzano ~~tomatos~~tomatoes.

~~28.~~27. Fourth, Defendant attempts to skirt around this potential for misunderstanding by writing out what SMT stands for within the "SMT" lettering on its Products' packaging. But t~~T~~he

Formatted: Indent: Left: 0", First line: 0.5", No widow/orphan control

Formatted: Small caps, Not All caps

result is lettering so comically miniscule that it is almost impossible to see with the naked eye.




~~29.~~28. As it turns out, SMT, according to Defendant, stands for "San Merican Tomato." ~~That~~ But that is not curative either. In the exceedingly unlikely the event a consumer even notices the term, a reasonable consumer would understand "San Merican Tomato" to mean ~~"~~"San Marzano varietal tomatoes grown in North America or the United States.~~"~~ And there is no reasonable consumer that would understand the term "San Merican Tomato" to refer to Roma tomatoes. Plaintiff Valiente experienced this first hand. She never saw the the words inside each letter and was under the impression SMT stood for "San Marzano Tomato.~~" In fact, when she later learned that the cans included the phrase "San Merican Tomato," she believed that phrase~~ When asked ~~what "San Merican Tomato" means to her, she responded that it meant "San Marzano tomatoes grown in the USA~~."""

~~30.~~29. Finally, Defendant sells its Products at San Marzano prices. A 28oz can of SMT tomatoes sells for $5.99. Consumers expect to pay more for San Marzano tomatoes, and as such are primed to interpret Defendant's pricing as being in line with what a San Marzano should cost.

~~31.~~30. Each of these factors, on ~~their~~ its own, ~~is~~ is enough to mislead reasonable consumers into believing that Defendant's Tomatoes are San Marzano ~~style~~ varietals. I~~—i~~n the aggregate, they create an unshakeable impression that Defendant is relying on its Products' capacity to mislead for the purpose of reaping inflated profits.

**Formatted:** Small caps, Not All caps

~~32.~~31. ~~Even~~ Indeed, even grocery stores are misled by Defendant's packaging, with retailers consistently mislabeling its Products as "San Marzano Tomatoes" on its Products' barcodes and price labels.[3] –The below screenshot is from the Safeway website, which has labeled Defendant's Tomatoes as "San Marzano Tomatoes":




~~33.~~32. The reality is, Defendant's tomatoes are not San Marzano tomatoes, not even close.

~~34.~~33. When consumers open a can of SMT tomatoes, they are greeted with a round, firm, acidic Roma tomato. Comparing a true San Marzano with the SMT tomato, the difference is stark.




[3] This example is provided to demonstrate the misleading nature of Defendant's labels, not to hold Defendant liable for any independent misrepresentations ~~misstatements~~ made by a third-party retailer.



Formatted: Indent: Left: 0", First line: 0.5", No widow/orphan control

Formatted: Small caps, Not All caps

~~35.~~34. The difference is not just cosmetic. In blind taste testing by a prominent YouTube chef, SMT tomatoes were consistently ranked alongside generic plum tomatoes at the bottom of the pile, far below San Marzano tomatoes, both in flavor and consistency.[4]

~~36.~~35. Consumers purchase Defendant's Products under the reasonable belief that the lettering, images, and price is indicative of a San Marzano tomato, only to receive an inferior Roma tomato.

~~37.~~36. Had consumers known ~~the truth about~~that Defendant's Tomatoes were not the San Marzano varietal, they would not have purchased them or would have paid less for them than they did.

~~38.~~37. Consumers are not likely to learn the truth about Defendant's Tomatoes on their own accord. For one, many times consumers purchase the tomatoes in a crushed, diced, or pureed form, making it impossible to see the tomato's original shape. Second, it is difficult to see the shape of even whole tomatoes because they are covered in juice and tomato puree, and often dumped into a pot and immediately crushed to form a sauce. Reasonable consumers would not think to take each tomato out of its can, wash it off, and compare it with other brands. The result is that consumers rely on the label of the can or box to communicate truthfully the variety of tomato that they are purchasing.

~~39.~~38. Plaintiff is a purchaser of SMT canned Tomatoes who asserts claims for breach of express warranty and fraud, and violations of the consumer protection laws of the state of California, on behalf of herself and all similarly situated purchasers of the Tomatoes.

## THE PARTIES

~~40.~~39. Plaintiff Andrea Valiente is a citizen of California and domiciled in ~~a resident and domiciliary of~~ Campbell, California. Ms. Valiente makes tomato sauces at home and prefers to use San Marzano style tomatoes when she cooks. Ms. Valiente purchased Defendant's canned Tomatoes from Whole Foods in San Jose, California in 2022. Ms. Valiente first purchased Defendant's Whole Peeled Tomatoes ~~because~~ because she was deceived by the label. Ms.

[4] Ethan Chlebowski, *Are San Marzano Tomatoes actually worth it?*, https://www.youtube.com/watch?v=mMMFUKibW-c (last accessed March 11, 2024).

Formatted: Small caps, Not All caps

Valiente had read a New York Times Cooking recipe for marinara sauce and the first ingredient was "one 28-ounce can whole San Marzano tomatoes, certified D.O.P. if possible.[5]" Ms. Valiente went to the store seeking D.O.P. tomatoes out but she was put off by the high price – more expensive than the non-D.O.P. San Marzano and significantly more than regular plum tomatoes. Ms. Valiente saw, however, that there were what appeared to be San Marzano style tomatoes sitting on the shelf right next to the D.O.P. tomatoes, and at a much more palatable price. This was Defendant's SMT--branded canned whole peeled tomatoes. Ms. Valiente she was under the impression that the illustration on the front of the Defendant's can was of a San Marzano tomato because it resembled the tomato illustration on the genuine D.O.P. tomatoes cans. Ms. Valiente also and understood the SMT abbreviation to mean "San Marzano Tomato" (." Ms. Valiente coulddid not see that there was text inside the lettering reading "San Merican Tomato.,"[6] a fact which would not have made a difference anyway because Ms. Valiente would have interpreted the name to mean "San Marzano grown in the USA"). Furthermore, the price of the Products was in line with what she expected genuine San Marzano style tomatoes to cost: (despite being cheaper than the D.O.P. certified tomatoes the SMT tomatoes were still morebut more expensive than regular Rroma tomatoes). If Ms. Valiente knew that the Tomatoes she was purchasing from Defendant were not San Marzano varietal tomatoes, but in fact were regular Roma tomatoes, she would not have purchased the Tomatoes or would have paid less for them than she did. Ms. Valiente now works at a popular grocery store chain and regularly interacts with customers who have mistaken Defendant's Products for actual San Marzano style tomatoes.

41.40. Defendant Simpson Imports, Ltd., is a Pennsylvania corporation with its principal place of business in Jenkintown, Pennsylvania. Defendant is a very well-known and popular tomato seller, with presence on grocery store shelves nationwide.

**JURISDICTION AND VENUE**

---

[5] https://cooking.nytimes.com/recipes/1015987-classic-marinara-sauce

[6] Noticing the phrase "San Merican Tomato" would not have made a difference because Ms. Valiente would have interpreted the name to mean "San Marzano varietal tomatoes grown in the USA".

Formatted: Small caps, Not All caps

42.41. This Court has subject matter jurisdiction pursuant to California Business and Professions Code, Sections 17203, 17204 and 17535, and Civil Code, Section 1780.

43.42. This Court has personal jurisdiction over the parties because Plaintiff resides in California, is a citizen of California, and submits to the jurisdiction of the Court, and because Defendant has, at all times relevant hereto, systematically and continually conducted, and continues to conduct, business in this State. Defendant therefore has sufficient minimum contacts with this state, including within this County, and/or intentionally availed itself of the benefits and privileges of the California consumer market through the promotion, marketing, and sale of its products to residents within this County and throughout this State. Additionally, Defendant marketed and sold its Tomatoes to Plaintiff in this County.

44.43. Pursuant to Civil Code § 1780(d), this Court is the proper venue for this action because Defendant regularly does business in this County, and the same misrepresentations , omissions, and injures giving rise to the claims alleged herein have occurred in this County.

**CLASS ACTION ALLEGATIONS**

44. Plaintiff seeks to represent a class defined as all persons in Californiain California who purchased the Tomatoes during the applicable statute of limitations periods (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale or who made their purchases outside of the applicable statute of limitations periods.

45.

46.45. ***Numerosity.*** Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

47.46. ***Commonality.*** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual

**Formatted:** Small caps, Not All caps

questions include, but are not limited to whether Defendant's labeling, marketing and promotion of the Tomatoes is false and misleading.

~~48.~~47. ***Typicality.*** The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading labels, marketing and promotional materials and representations, purchased the Tomatoes, and suffered a loss as a result of that purchase.

~~49.~~48. ***Adequacy.*** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

~~50.~~49. ***Superiority.*** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## FIRST COUNT
**Violation of California's Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code §§ 17200, *et seq*.**

~~51.~~50. Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

Formatted: Indent: Left: 0", First line: 0.5", No widow/orphan control

Formatted: Indent: Left: 0", First line: 0.5", No widow/orphan control, Don't keep with next, Don't keep lines together

Formatted: Small caps, Not All caps

~~52.~~51. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

~~53.~~52. The UCL prohibits unfair competition in the form of "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act." Cal. Bus. & Prof. Code § 17200. A practice is unfair if it (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to consumers. The UCL allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Cal. Bus. & Prof. Code § 17204. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

~~54.~~53. As alleged above, Defendant has committed unlawful, fraudulent, and/or unfair business practices under the UCL by: (a) representing that Defendant's Products have certain characteristics that they do not, in violation of Cal. Civil Code § 1770(a)(5); (b) advertising goods and services with the intent not to sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9).

~~55.~~54. Defendant's conduct has the capacity to mislead a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances.

~~56.~~55. Defendant's conduct has injured Plaintiff and the Class she seeks to represent in that she paid money for a product that she would not have purchased or paid more than she would have but for Defendant's ~~failure to accurately label and market its Products~~misleading labeling. Such injury is not outweighed by any countervailing benefits to consumers or competition. Indeed, no benefit to consumers or competition results from Defendant's conduct.

~~57.~~56. Pursuant to California Business and Professional Code § 17203, Plaintiff and the Class members seek an order of this Court that includes, but is not limited to, an order requiring Defendant to (a) provide restitution to Plaintiff and the other Class members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff and the Class members' attorneys' fees and costs.

**Formatted:** Small caps, Not All caps

58.57. Here, equitable relief is appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from their purchase of the Product is determined to be an amount less than the premium price of the Product. Without compensation for the full premium price of the Product, Plaintiff would be left without the parity in purchasing power to which they are entitled.

59. Injunctive relief is also appropriate, and indeed necessary, to require Defendant to provide full and accurate disclosures regarding the Product so that Plaintiff and Class members can reasonably rely on Defendant's packaging as well as those of Defendant's competitors who may then have an incentive to follow Defendant's deceptive practices, further misleading consumers.

58. Restitution and/or injunctive relief may also be more certain, prompt, and efficient than other legal remedies requested herein. The return of the full premium price, and an injunction requiring Defendant to disclose on its Products' packaging that the Tomatoes are not San Marzano varietal tomatoes, but in fact are regular Roma tomatoes, will ensure that Plaintiff is in the same place they would have been in had Defendant's wrongful conduct not occurred, *i.e.*, in the position to make an informed decision about the purchase of the Products wabsent omissions with the full purchase price at their disposal.

60.

**SECOND COUNT**

**Violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.***

61.59. Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

62.60. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

63.61. Plaintiff and Class Members are consumers within the meaning of Cal. Civ. Code § 1761(d).

64.62. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which she or she does not have."

Formatted: Indent: Left: 0.5", No bullets or numbering

Formatted: Small caps, Not All caps

~~65.~~63. Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

~~66.~~64. Cal. Civ. Code § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

~~67.~~65. Defendant violated Cal. Civ. Code §§ 1770(a)(5), (a)(7), and (a)(9) by intentionally and misleadingly representing that its Products are San Marzano tomatoes, a fact which is material to reasonable consumers.

~~68.~~66. Defendant's misrepresentations ~~and omissions~~ deceive and have a tendency and ability to deceive the general public.

~~69.~~67. Defendant has exclusive or superior knowledge of the contents of its canned Tomatoes, which was not known to Plaintiff or Class Members.

~~70.~~68. Plaintiff and Class Members have suffered harm as a result of these violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA") because they have incurred charges and/or paid monies for the Products that they otherwise would not have incurred or paid. Had Plaintiff and Class Members known that the Tomatoes sold by Defendant were not San Marzano varietal tomatoes~~, but in fact were regular Roma tomatoes,~~ they would not have purchased the Tomatoes or would have paid less for them than they did. As a result, Plaintiff and the Classes are entitled to actual damages in an amount to be proven at trial, reasonable attorneys' fees and costs, declaratory relief, and punitive damages.

69. On January 5, 2023, Plaintiff's counsel sent Defendant a CLRA notice letter, which complies in all respects with Cal. Civ. Code § 1782(a). The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter stated that it was sent on behalf of all other similarly situated purchasers. A true and correct copy of that letter is attached hereto as **Exhibit 1**.

**THIRD COUNT**

Formatted: Small caps, Not All caps

**Violation of California's False Advertising Law,**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***

~~71.~~70. Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

~~72.~~71. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

~~73.~~72. Defendant's acts and practices, as described herein, have deceived and/or are likely to continue to deceive Class Members and the public. As described above, and throughout this Complaint, Defendant misrepresented that its Tomatoes were the San Marzano varietal. Such representation is not true.

~~74.~~73. By its actions, Defendant disseminated uniform advertising regarding its Products to and across California. The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* (the "FAL"). Such advertisements were intended to and likely did deceive the consuming public for the reasons detailed herein.

~~75.~~74. The above-described false, misleading, and deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant continues to misrepresent, without qualification, that the Tomatoes are San Marzano.

~~76.~~75. In making and disseminating these statements, Defendant knew, or should have known, its advertisements were untrue and misleading in violation of California law. Defendant knows that it does not sell San Marzano tomatoes yet ~~does not disclose this fact to consumers~~continues to use misleading labeling that leads consumers to believe they are purchasing San Marzano tomatoes.

~~77.~~76. Plaintiff and other Class Members purchased the Tomatoes based on Defendant's representations ~~and omissions~~.

~~78.~~77. The misrepresentations and non-disclosures by Defendant of the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitutes a violation of the FAL.

**Formatted:** Small caps, Not All caps

~~79.~~78. As a result of Defendant's wrongful conduct, Plaintiff and Class Members lost money in an amount to be proven at trial. Plaintiff and Class Members are therefore entitled to restitution as appropriate for this cause of action.

~~80.~~79. Plaintiff and Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful, and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under Cal. Code Civ. Proc. § 1021.5; and other appropriate equitable relief.

**FOURTH COUNT**
**Fraud**

~~81.~~80. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

~~82.~~81. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

~~83.~~82. As discussed above, Defendant misrepresented on the Tomatoes' packaging that the Tomatoes are San Marzano tomatoes. Specifically, Defendant's label bears images of San Marzano varietal tomatoes, the letters SMT ~~can be~~are understood by consumers to stand for San Marzano Tomato," and the term "San Merican Tomatoes," if even ~~even~~ seen by consumers, ~~can be reasonably~~is understood to mean ~~"~~San Marzano varietal tomatoes grown in North America or the United States."

~~84.~~83. The false and misleading representations ~~and omissions~~ were made with knowledge of their falsehood. Defendant used to sell true San Marzano tomatoes in a can virtually identical to the one at issue in this action. Nonetheless, Defendant continues to sell its Tomatoes to unsuspecting consumers using these false and misleading ~~representations and omissions~~representations.

~~85.~~84. Defendant is aware how San Marzano tomatoes are perceived by consumers because they used to sell them.

**Formatted:** Small caps, Not All caps

~~86.~~85. The false and misleading representations ~~and omissions~~ were made by Defendant, upon which Plaintiff and members of the proposed Class reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class to purchase the Tomatoes.

~~87.~~86. The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Class, who are entitled to damages and other legal and equitable relief as a result.

**FIFTH COUNT**
**Breach of Express Warranty**

~~88.~~87. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

~~89.~~88. Plaintiff brings this claim individually and on behalf of members of the Class against Defendant.

~~90.~~89. In connection with the sale of the Tomatoes, Defendant, as the producer, marketer, distributor, and/or seller issued written warranties by representing that the Tomatoes are "SMT" and/or "San Merican Tomatoes." The packaging similarly contained misleading images of San Marzano varietal tomatoes, as alleged above.

~~91.~~90. In fact, the Tomatoes do not conform to the above-referenced representations because the Tomatoes sold by SMT are not San Marzano varietal tomatoes at all. ~~They are inferior Roma varietal tomatoes.~~

~~92.~~91. Plaintiff and the members of the proposed Class and the Class were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased the Tomatoes if they had known that the representation made on Defendant's Products' labels were false, and (b) they overpaid for the Tomatoes on account of the misrepresentation.

~~93.~~92. Plaintiff's counsel notified Defendant of her claims in a demand letter shortly after learning about its breach of warranty, sent via certified mail, with return receipt requested, on January 5, 2023.

~~94.~~93. The demand letter was sent within a reasonable time after Plaintiff discovered Defendant's breach and learned of the nature of Defendant's practices. The letter therefore

Formatted: Small caps, Not All caps

complied with all respects of U.C.C. § 2-607.

**SIXTH COUNT**
**Unjust Enrichment/Restitution**

~~95.~~94. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

~~96.~~95. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant under the laws of California.

~~97.~~96. Plaintiff and the Class members conferred a benefit on Defendant in the form of the gross revenues Defendant derived from the money Plaintiff and the Class paid for the Tomatoes.

~~98.~~97. Defendant had an appreciation or knowledge of the benefit conferred on it by Plaintiff and the Class members.

~~99.~~98. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and the Class members' purchases of the Products, which retention of such revenues under these circumstances is unjust and inequitable because Defendant misleadingly marketed the Tomatoes as San Marzano varietals when in fact they were inferior Roma tomatoes. This caused injuries to Plaintiff and members of the Classes because they would not have purchased the Products or would have paid less for ~~them if the true facts concerning the Products had been known~~them if they had known the Products did not contain San Marzano tomatoes.

~~100.~~99. Defendant accepted and retained the benefit in the amount of the gross revenues it derived from sales of the Products to Plaintiff and the Class members.

~~101.~~100. Defendant has thereby profited by retaining the benefit under circumstances which would make it unjust for Defendant to retain the benefit.

~~102.~~101. Plaintiff and the Class members are, therefore, entitled to restitution in the form of the revenues derived from Defendant's sale of the Products.

~~103.~~102. As a direct and proximate result of Defendant's actions, Plaintiff and Class members have suffered in an amount to be proven at trial.

~~104.~~103. Here, equitable relief is appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from their purchase of the Product is determined

Formatted: Small caps, Not All caps

to be an amount less than the premium price of the Product. Without compensation for the full premium price of the Product, Plaintiff would be left without the parity in purchasing power to which they are entitled.

~~105.~~104. Restitution may also be more certain, prompt, and efficient than other legal remedies requested herein. The return of the full premium price will ensure that Plaintiff is in the same place they would have been in had Defendant's wrongful conduct not occurred, i.e., in the position to make an informed decision about the purchase of the Products ~~absent omissions~~ with the full purchase price at their disposal.

**RELIEF DEMANDED**

~~106.~~105. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all causes of action asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief; and

g. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Formatted: Small caps, Not All caps

Dated: March 12, 2024~~March 12, 2024March 12, 2024March 11, 2024March 10, 2024~~

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: *    /s/ L. Timothy Fisher    *

L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
lsironski@bursor.com

**BURSOR & FISHER, P.A.**
Matthew A. Girardi (Admitted *Pro Hac Vice*)
1330 Avenue Of The Americas, 32nd Floor
~~Matthew A. Girardi (*pro hac vice* forthcoming)~~
~~888 Seventh Avenue~~
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: mgirardi@bursor.com

*Attorneys for Plaintiff*

Formatted: Indent: Left: 3", First line: 0"

Formatted: Small caps, Not All caps

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1. I am counsel for Plaintiff, and I am a partner at Bursor & Fisher, P.A. I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2. The complaint filed in this action is filed in the proper place for trial because many of the acts and transactions giving rise to this action occurred in this District, and because Plaintiff resides in this District.

3. Plaintiff Andrea Valiente is a citizen of California and resides in ~~resident of~~ Campbell, California.

4. Defendant Simpson Imports, LTD. is a Pennsylvania corporation with its principal place of business in Jenkintown, Pennsylvania.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, executed on ~~February 8~~March 12, 20244~~3~~, at Walnut Creek, California.

/s/ *L. Timothy Fisher*
L. Timothy Fisher

Formatted: Small caps, Not All caps